member benefits for Farm Bureau members, most of whom live in rural areas.
* This decision was originally issued as an "unpublished revised opinion" filed on March 30, 1995.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Herbert MACK, Defendant–Appellant.

No. 92–3519.

United States Court of Appeals,
Sixth Circuit.

Argued March 19, 1993.

Decided March 30, 1995.*

On April 18, 1995, the court designated the opinion as one recommended for full-text publication.

petition in abeyance pending the outcome in *United States v. Kaplansky,* No. 92–3744, 1993 WL 366362 (6th Cir. Sept. 22, 1993) (vacated). On December 2, 1994, the full court issued *United States v. Kaplansky,* 42 F.3d 320 (6th Cir.1994), holding that Ohio's statute on attempted kidnapping by deception qualifies as a violent felony under the ACCA. We now revise our original opinion in light of *Kaplansky,* and **AFFIRM** on all grounds.

Section I of our prior opinion is repeated verbatim:[3]

Nancy A. Vecchiarelli, Asst. U.S. Atty. (argued and briefed), Office of the U.S. Atty., Cleveland, OH, and Sean Connelly, U.S. Dept. of Justice, Crim. Div., Washington, DC, for plaintiff-appellee.

Glen E. Billington (argued and briefed), Cleveland Heights, OH, for defendant-appellant.

Before: KENNEDY, NORRIS, and SUHRHEINRICH, Circuit Judges.

SUHRHEINRICH, Circuit Judge.

In our original decision, the court held that defendant Herbert Mack's sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e),[1] could not be sustained because the three prior "violent felony" convictions for sexual battery under Ohio law, upon which the enhancement was based, were not "violent felonies" within the meaning of 18 U.S.C. § 924(e)(2)(B).[2] *United States v. Mack,* 8 F.3d 1109 (6th Cir.1993) (per curiam). The government filed a petition for rehearing en banc, and on January 10, 1994, the full court agreed to hold the

## I.

In 1991, defendant, a convicted felon, was found in possession of a .9mm handgun by City of East Cleveland police detectives and Bureau of Alcohol, Tobacco, and Firearms (ATF) agents during a homicide investigation. Defendant was charged as a felon in possession under 18 U.S.C. § 922(g)(1).

Defendant pled not guilty and moved to suppress the handgun on the basis that the police investigation violated due process under the Fifth Amendment. The district court denied his motion. Defendant then pled guilty, reserving the right to appeal the suppression issue.

At sentencing, the district court imposed a fifteen-year sentence enhancement under 18 U.S.C. § 924(e) because defendant had three prior felony convictions for sexual battery under Ohio Rev.Code § 2907.03. Neither the state indictment against defendant nor the transcript of defendant's state plea hearing were available, so the district court relied on extrinsic evidence presented by the government in finding that defendant had been

---

1. 18 U.S.C. § 924(e)(1) provides that "a person who violates section 922(g) [making it unlawful for a felon to receive any firearm or ammunition] ... and who has three previous convictions ... for a violent felony ... shall be ... imprisoned not less than fifteen years...." 18 U.S.C.A. § 924(e)(1).

2. 18 U.S.C. § 924(e)(2)(B) defines "violent felony" as

any crime punishable by imprisonment for a term exceeding one year ... that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[]....

18 U.S.C.A. § 924(e)(2)(B) (West 1994).

3. All footnote references and footnotes have been deleted.

convicted of "violent felonies." This appeal followed.

## II.

### A.

■ Defendant argues that the handgun in his possession should be suppressed because the police investigation violated due process. Defendant maintains that the city detectives and ATF agents arranged a meeting between defendant and an informant, and directed the informant to request defendant to bring a gun solely to enable the police to charge defendant as a felon in possession.

Defendant's "outrageous government conduct" defense was recently foreclosed by this circuit in *United States v. Tucker*, 28 F.3d 1420 (6th Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 1426, 131 L.Ed.2d 308 (1995) (No. 94977), which held that such a claim is nothing more than a claim of entrapment. Furthermore, as noted in our original opinion, the district court made a factual finding that the law enforcement officers merely surveilled an arranged meeting between defendant and an informant as part of a murder investigation, not as part of an entrapment-like scheme to arrest defendant as a felon in possession. This factual finding is not clearly erroneous. We therefore hold that the district court properly denied defendant's motion to suppress.

### B.

■ The subject of the petition for rehearing is whether the Ohio crime of sexual battery, Ohio Rev.Code § 2907.03, is a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because it "involves conduct that presents a serious potential risk of physical injury to the victim." 18 U.S.C. § 924(e)(2)(B)(ii).[4]

Initially, we "decline[d] to hold that sexual conduct with someone who is unaware of the nonconsensual nature of the act" presents a serious potential risk of physical injury. However, *Kaplansky* teaches that the cate-

gorical approach required by *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 2160, 109 L.Ed.2d 607 (1990), focuses not on whether actual force or injury occurred in a specific instance, but whether there is a serious "potential" for violence. The essence of the crime of sexual battery through deception, like the crime of kidnapping by deception, is "requiring another to do something against his or her will." *See Kaplansky,* 42 F.3d at 324. It therefore carries with it "the ever-present possibility that the victim may figure out what's really going on and decide to resist, in turn requiring the perpetrator to resort to actual physical restraint. . . ." *Id.* Thus, under the reasoning of *Kaplansky,* we hold that sexual battery as defined in Ohio Rev.Code § 2907.03 categorically qualifies as a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii).

## III.

For the foregoing reasons, our original decision, published at 8 F.3d 1109 is **VACATED;** defendant's conviction as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is **AFFIRMED,** and defendant's sentence under 18 U.S.C. § 924(e) is also **AFFIRMED.**

---

4. It is undisputed that Ohio Rev.Code § 2907.03 does not contain as an element, the use, attempted use, or threatened use of force. We therefore need not consider whether 18 U.S.C. § 924(e)(2)(B)(i) applies.