*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0198P (6th Cir.)
File Name: 00a0198p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

GIUSEPPE PETER PULICE,
    *Petitioner,*

   *v.*

IMMIGRATION AND
NATURALIZATION SERVICE,
    *Respondent.*



No. 98-4497

On Petition for Review of an Order of
the Board of Immigration Appeals.
No. A19 681 578.

Submitted: April 26, 2000

Decided and Filed: June 13, 2000

Before: RYAN and BOGGS, Circuit Judges; DUGGAN,
District Judge.[*]

---

[*] The Honorable Patrick J. Duggan, United States District Judge for
the Eastern District of Michigan, sitting by designation.

―――――――――――

**COUNSEL**

**ON BRIEF:**    David W. Leopold, DAVID WOLFE LEOPOLD & ASSOCIATES, Cleveland, Ohio, for Petitioner. Michelle R. Slack, Richard M. Evans, U.S. DEPARTMENT OF JUSTICE, OFFICE OF LITIGATION, Washington, D.C., for Respondent.

―――――――――――

**OPINION**

―――――――――――

PATRICK J. DUGGAN, District Judge.    Petitioner Giuseppe Peter Pulice seeks review of the Board of Immigration Appeals's final order of deportation. For the reasons set forth below, we conclude that this Court lacks jurisdiction over Petitioner's claims and, therefore, the petition for review must be dismissed.

### Background

Petitioner, a native and citizen of Italy, has been a lawful permanent resident of the United States since February 13, 1970. On May 21, 1996, Petitioner pled guilty to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1).    On August 9, 1996, the INS instituted deportation proceedings against Petitioner, charging him with deportability under sections 241(a)(2)(A)(iii) and 241(a)(2)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(2)(A)(iii) & (a)(2)(B).    The Immigration Judge found Petitioner deportable under the INA.[1]

During his deportation proceedings, Petitioner requested the opportunity to pursue a waiver of deportation under section

―――――――――――

[1] Petitioner does not contest the Immigration Judge's finding of deportability.

212(c) of the INA, 8 U.S.C. § 1182(c). The Immigration Judge, however, found Petitioner statutorily ineligible for a waiver of deportation under section 212(c).[2] Petitioner appealed to the Board of Immigration Appeals ("BIA"). The BIA, finding Petitioner statutorily ineligible for relief under section 212(c), dismissed the appeal. A final order of deportation was entered on November 17, 1998.

On December 15, 1998, Petitioner filed a petition for review of the BIA's final order of deportation and a stay of deportation pending review in this Court.[3] On June 25, 1999, while his petition for review was still pending in this Court, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of Ohio, also challenging the BIA's final order of deportation.

### Discussion

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), direct review of a final order of deportation was available in the circuit courts pursuant to 8 U.S.C. § 1105a (1994). The AEDPA, however, amended § 1105a to provide that:

> Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in [INA] section 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by [INA] section 241(a)(2)(A)(ii) for which both predicate offenses are

---

[2] Section 212(c) was amended by section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (Apr. 24, 1996), such that aliens convicted of certain offenses, including those for which Petitioner was convicted, were precluded from seeking a waiver of deportation.

[3] On February 26, 1999, the Court denied Petitioner's motion to stay deportation pending review.

covered by [INA] section 241(a)(2)(A)(i), *shall not be subject to review by any court.*

AEDPA § 440(a)(10), 110 Stat. 1276-77 (1996) (codified at 8 U.S.C. § 1105a (1996)) (emphasis added).

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), enacted in September of 1996, further altered the INA's judicial review structure by repealing § 1105a and establishing a set of permanent and transitional provisions. Of particular importance to the case *sub judice* is section 309(c)(4)(G) of the IIRIRA, a transitional provision that limits an alien's right to appeal a final deportation order that was based upon the alien's conviction of certain offenses.[4]   Specifically, section 309(c)(4)(G) of the IIRIRA provides that in all cases for which a final order of deportation was entered more than thirty days after the IIRIRA's enactment date of September 30, 1996:

> *[T]here shall be no appeal permitted* in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in section 212(a)(2) or section 241(a)(2)(A)(iii), (B), (C), or (D) of the Immigration and Nationality Act (as in effect as of the date of the enactment of this Act), or any offense covered by section 241(a)(2)(A)(ii) of such Act (as in effect on such date) for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 241(a)(2)(A)(i) of such Act (as so in effect).[5]

---

[4] The IIRIRA's transitional rules apply to all deportation proceedings that were initiated before the IIRIRA's effective date of April 1, 1997. Petitioner concedes that his claims are governed by the IIRIRA's transitional provisions because his deportation proceedings were initiated on August 9, 1996.

[5] Petitioner's final order of deportation was entered on November 17, 1998.

IIRIRA § 309(c)(4)(G), 110 Stat. 3009-626 (1996) (codified at 8 U.S.C. § 1101(c)(4)(G)) (emphasis added).

Petitioner, who was found deportable under sections 241(a)(2)(A)(iii) and 241(a)(2)(B) of the INA, falls squarely within these provisions. As such, this Court lacks jurisdiction over Petitioner's claims. *See Mansour v. Immigration & Naturalization Serv.*, 123 F.3d 423 (6th Cir. 1997) (upholding provisions of AEDPA and IIRIRA in face of constitutional challenges under the Suspension Clause, Due Process Clause, and separation of power principles of Article III, and dismissing petition for review for lack of jurisdiction).

Petitioner does not challenge this Court's prior decision in *Mansour* that direct appeal to the circuit courts is no longer available for aliens convicted of certain criminal offenses. Instead, Petitioner seeks what essentially amounts to an advisory opinion from this Court that the foregoing amendments do not eliminate habeas corpus review for such aliens. Petitioner's arguments, however, are moot in light of this Court's recent decision in *Pak v. Reno*, 196 F.3d 666, 673 (6th Cir. 1999), in which this Court specifically held that "habeas corpus jurisdiction under § 2241 for criminal aliens whose petitions fall within the purview of IIRIRA's transitional rules survives enactment of AEDPA as modified by IIRIRA's transitional rules." Petitioner is free to pursue his claims on habeas review in the district court.

## Conclusion

Pursuant to § 440(a)(10) of the AEDPA and § 309(c)(4)(G) of the IIRIRA, the petition for review is **DISMISSED** for lack of jurisdiction.