RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 05a0110p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

RAVINDRAKUMAR M. PATEL,

*Petitioner,*

No. 03-3809

*v.*

JOHN D. ASHCROFT, Attorney General,

*Respondent.*

On Petition for Review of the Board of Immigration Appeals.
No. A38 963 438.

Submitted: February 4, 2005

Decided and Filed: March 8, 2005

Before: SILER, COLE, and CLAY, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Scott E. Bratton, MARGARET WONG & ASSOCIATES, Cleveland, Ohio, for Petitioner. Regina Byrd, David V. Bernal, U.S. DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

**OPINION**

_____

CLAY, Circuit Judge. Ravindrakumar M. Patel petitions this Court for review of a final order of the Board of Immigration Appeals ("BIA") denying him relief from an Immigration Judge's ("IJ") order that he be removed as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii) and for committing a crime involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(i). Patel contends that his Illinois conviction for aggravated criminal sexual abuse is not an aggravated felony within the meaning of the removal statute. Furthermore, Patel seeks to avoid the retroactive repeal of INA § 212(c), formerly codified at 8 U.S.C. § 1182(c) (1994), which provided an avenue of discretionary relief from deportation before Congress enacted AEDPA[1] and IIRIRA[2] in 1996. We dismiss the petition for lack of jurisdiction.

_____

[1]The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 112 Stat. 1214.

[2]Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208, Div. C., 100 Stat. 3009-546.

1

# I. BACKGROUND

Patel is a native and citizen of India who entered the United States on February 18, 1985 as a permanent resident. The IJ ordered Patel removed on the grounds that his 1989 conviction in Illinois for aggravated criminal sexual abuse, *see* 720 ILL. COMP. STAT. 5/12-16 (1993),[3] constitutes a conviction for an aggravated felony as well as a conviction for a crime of moral turpitude within the meaning of the removal statute. *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii) and (i).

## A.       The Criminal Proceedings Against Patel in Illinois

On August 23, 1989, a grand jury in Lake County, Illinois, indicted Patel on three counts of aggravated criminal sexual assault, in violation of 720 ILL. COMP. STAT 5/12-14 (1993), for sodomizing a mentally and physically handicapped woman. Patel pled not guilty to all charges but waived his right to a jury trial. After a bench trial, the judge convicted Patel of aggravated criminal sexual abuse, a lesser included offense of aggravated criminal sexual assault. The judge sentenced Patel to five years in prison but he apparently served less than the full sentence. *See* Brief of Petitioner at 3-4.[4]

## B.       The Removal Proceedings

On March 23, 1999, the then-Immigration and Naturalization Service ("INS") served Patel with a notice to appear, in which it charged that Patel was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because he had committed an aggravated felony. On March 14, 2001, the INS added an additional basis for removal, alleging that Patel's Illinois conviction rendered him removable under § 1227(a)(2)(A)(i), which authorizes removal for those convicted of crimes of moral turpitude.

At the removal hearing, Patel admitted that he had been convicted of aggravated criminal sexual abuse in Illinois but denied that the conviction qualified him for removal under either section of the removal statute. In the event the IJ held him removable, Patel sought relief under former INA § 212(c), 8 U.S.C. § 1182(c) (1994), and the Convention Against Torture ("CAT"). Section 212(c), as interpreted by the INS, permitted a deportee to make an application for a waiver of deportation as long as he served less than 5 years of prison time for his conviction. Because Congress repealed that provision with the enactment of the IIRIRA in 1996,[5] the IJ rejected Patel's claim for relief. Nonetheless, Patel argued that under *INS v. St. Cyr*, 533 U.S. 289 (2001), he was entitled to rely on § 212(c) because he was convicted in 1989, prior to the statute's repeal. Thus Patel challenged the retroactive application of IIRIRA to his case. The IJ declined to extend *St. Cyr*, which involved a deportee who had pled guilty to a crime in reliance on the expectation that he would receive a sentence low enough to merit § 212(c) relief, to Patel, who had gone to trial on the charges against him.[6] Patel did not pursue his claim for relief under the CAT and on December 12, 2002,

---

[3]Formerly ILL. REV. STAT. 1991, ch. 38, ¶ 12-16 and since January 1, 1993, cited as 720 ILL. COMP. STAT. 5/12-16. In this opinion, we refer to the version of the statute as it appeared before July 1993, because it is the same as the version applicable at the time of Patel's conviction in October 1989.

[4]In his brief, Patel represents that "it is undisputed that Petitioner served less than five years in prison." Brief of Petitioner at 3-4. We see nothing in the record to confirm or contradict this representation. The length of time Patel actually served is relevant to whether he would have been eligible for relief under § 212(c), 8 U.S.C. 1182(c) (1994), which was not available to aliens who had served five years in prison. Because we do not reach Patel's § 212(c) argument, we need not determine precisely how long he was in prison.

[5]The effective date of IIRIRA was September 30, 1997, some 18 months before the INS served Patel with a notice to appear.

[6]The IJ initially found that Patel would not have been eligible for relief under § 212(c) at the time of his conviction in any event because he had only been in the United States for four years. *See* 8 U.S.C. § 1182(c) (1994) (permitting aliens who had been physically present in the U.S. for a continuous seven year period to apply for a waiver of deportation). But the IJ considered Patel's claim under *St. Cyr* because Patel maintained that he would have been eligible to apply for a waiver under § 212(c) in

in an oral decision and order, the IJ ordered him removed to India under both § 1227(a)(2)(A)(i) (crimes involving moral turpitude) and § 1227(a)(2)(A)(iii) (aggravated felonies).

## C.      The BIA's Final Order

Patel timely appealed the IJ's decision.  Just as the IJ had, the BIA determined that Patel was precluded from seeking § 212(c) relief because his conviction was the result of a trial, rather than a guilty plea.  Patel did not appeal the IJ's determination that he had committed a crime of moral turpitude and was therefore removable under § 1227(a)(2)(A)(i).  However, Patel continued to challenge the IJ's determination that his conviction constituted an aggravated felony under § 1227(a)(2)(A)(iii).[7]

The BIA affirmed the IJ's determination that Patel's conviction for the Illinois crime of aggravated criminal sexual abuse constituted a conviction for an aggravated felony and dismissed Patel's appeal. Although Patel did not apply for cancellation of removal, *see* 8 U.S.C. § 1229b(a), the BIA observed that he would not be eligible for that form of discretionary relief from removal in any event.  Under 8 U.S.C. § 1229b, which Congress enacted as part of IIRIRA to replace § 212(c), a permanent resident alien facing an order of removal may apply for cancellation of removal.  *See* § 1229b(a).  To be eligible for cancellation of removal – a remedy that is discretionary at all events – an alien must show that he (1) has been lawfully admitted as a permanent resident for not less than 5 years; (2) has resided in the United States continuously for 7 years; and (3) has not been convicted of any aggravated felony.  *Id.*

The BIA determined that Patel is not eligible for the remedy.  It concluded that even assuming *arguendo* that Patel's crime is not an aggravated felony, Patel has not "resided in the United States continuously for 7 years after having been admitted . . . ."  *See* § 1229b(a)(3).  Under § 1229b(d)(1), "any period of continuous residence or continuous physical presence in the United States shall be deemed to end . . . [(A)] when the alien is served a notice to appear under section 1229(a) of this title, or (B) when the alien has committed an offense referred to in section 1182(a)(2) of this title that renders the alien . . . removable from the United States under section 1227(a)(2) or 1227(a)(4) of this title, whichever is earliest."  *Id.*  The INS served Patel with a notice to appear in March 1999, 14 years after his admission to the United States. However, Patel was convicted of his crime in 1989, only 4 years after his admission.  Furthermore, the crime renders him "removable from the United States under section 1227(a)(2)" and is "an offense referred to in section 1182(a)(2)."  *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I) (rendering inadmissible any alien convicted of "a crime involving moral turpitude" other than purely political offenses); *id.* § 1227(a)(2)(A)(i) (rendering deportable any alien convicted "of a crime involving moral turpitude committed within five years . . . after the date of admission" if the crime could result in a sentence of more than one year).

In sum, because Patel does not challenge the conclusion that he was convicted in 1989 of a crime involving moral turpitude, which crime was committed within 5 years of his entry, and resulted in a sentence of 5 years, Patel's period of continuous residence was capped at 4 years.  Consequently, the BIA concluded that he is ineligible for cancellation of removal.

## D.      Initial Proceedings Before this Court

On June 4, 2003, Patel timely filed a petition for review of the BIA's final order.  On June 21 and 26, 2003, the government moved to dismiss the petition for lack of jurisdiction on the grounds that 8 U.S.C. § 1252(a)(2)(C) strips the federal courts of jurisdiction to review final removal orders issued under

---

1992, once he had accumulated seven years of physical presence here.  *See* J.A. at 34, 54-55.

[7]Since the IJ found Patel removable under either § 1227(a)(2)(A)(i) or (a)(2)(A)(iii), a reversal of the IJ's order as to § (a)(2)(A)(iii) would not result in any relief for Patel, who would still be removed under § (a)(2)(A)(i).  Consequently, we suspect Patel challenges removability as an aggravated felon in order to establish jurisdiction for this Court to consider his claim that he is entitled to relief under INA § 212(c) in accordance with the reasoning of the Supreme Court in *St. Cyr.*

§ 1227(a)(2)(A)(iii). On June 27, 2003, Patel moved for a stay of removal. On July 11, 2003, a motions panel of this Court issued an order denying the government's motion to dismiss for lack of jurisdiction, referred the question of jurisdiction to this panel, and granted Patel a stay of removal. On October 1, 2003, Patel moved the Court to withdraw the stay of removal; and this Court granted the motion on October 31, 2003. On January 23, 2004, the government again moved to dismiss for lack of jurisdiction, this time specifically conceding that the Court has jurisdiction to determine whether it has jurisdiction, i.e., to determine whether the Illinois crime of aggravated criminal sexual abuse constitutes an aggravated felony. On March 17, 2004, this Court denied the government's second motion to dismiss for lack of jurisdiction.

## II. DISCUSSION

### A.     The Scope of Our Jurisdiction

Initially, we must determine whether we have jurisdiction to consider Patel's petition and, if so, whether our jurisdiction extends to all of the issues Patel raises. We conclude that this Court retains jurisdiction to consider the limited question of whether Patel's conviction constitutes grounds for removal under § 1227(a)(2)(A)(iii), i.e., whether his offense was an aggravated felony.

In 1996, with the enactment of AEDPA and IIRIRA, Congress placed significant limits on the courts' jurisdiction over immigration matters. *See* 8 U.S.C. § 1252(a)(2). Under the provision relevant to this case, the judiciary is instructed that: "Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii) . . . ." *Id.* § (a)(2)(C). The Supreme Court has upheld this jurisdiction-stripping provision insofar as it deprives aliens convicted of aggravated felonies of the ability to petition the court of appeals for review of removal orders. *See Calcano-Martinez v. INS*, 533 U.S. 348, 349-52 (2001). The Court has further held, however, that although Congress expressed its unequivocal intent to divest the court of appeals of jurisdiction over direct petitions for review of immigration decisions, *see id.*, the courts nonetheless retain habeas jurisdiction over aliens' challenges to removal orders. *See INS v. St. Cyr*, 533 U.S. 289, 308-14 (2001). Because Patel presents a petition for review of the BIA's decision affirming the order that he be removed pursuant to § 1227(a)(2)(A)(iii), this Court ostensibly lacks jurisdiction under § 1252(a)(2)(C). *See Calcano-Martinez*, 533 U.S. at 349-51; *see also* § 1252(a)(2)(C).

However, there is a narrow exception to § 1252(a)(2)(C)'s divestment of jurisdiction. In *Calcano-Martinez*, the petitioners conceded that they were removable under § 1227(a)(2)(A)(iii) but challenged removal on constitutional grounds. 533 U.S. at 349. In subsequent cases in which a petitioner disputes the BIA's finding of removability for commission of an aggravated felony (or for other offenses listed in § 1252(a)(2)(C)), our sister circuits have uniformly held that they retain jurisdiction to consider the limited question of whether the petitioner is removable as a matter of law. *See, e.g., Flores v. Ashcroft*, 350 F.3d 666, 668-69 (7th Cir. 2003); *Acosta v. Ashcroft*, 341 F.3d 218, 220 (3d Cir. 2003); *Jobson v. Ashcroft*, 326 F.3d 367, 371 (2d Cir. 2003); *Omar v. INS*, 298 F.3d 710, 713-14 (8th Cir. 2002). This Court recognized as much in its two dismissals of the government's motions to dismiss Patel's petition for lack of jurisdiction. *See Patel v. Ashcroft*, No. 03-3809 (order) (6th Cir. Mar. 17, 2004); *Patel v. Ashcroft*, No. 03-3809 (order) (6th Cir. July 11, 2003). In any event, to the extent there was any confusion among the various courts of appeal as to whether they retain jurisdiction to determine whether they have jurisdiction, it was resolved by the Supreme Court's decision this term in *Leocal v. Ashcroft*, 543 U.S. ___, 125 S.Ct. 377, 379-80 & n.3 (2004), in which the Court reviewed the Eleventh Circuit's denial of a petition on the grounds that a state conviction for driving under the influence was a conviction for an aggravated felony.

Finally, we note that 8 U.S.C. § 1252(a) strips us of jurisdiction to independently consider Patel's claim that he is entitled to be exempt under *St. Cyr* from the retroactive application of IIRIRA. The court of appeals has jurisdiction to consider such a claim only in two circumstances. First, if on direct review of the BIA the court determines that it has jurisdiction under § 1252(a)(2)(C) because the alien is not

removable for an offense referred to therein, the court may ostensibly consider any other claims presented in the alien's petition for review. *See*, *e.g.*, *Flores*, 350 F.3d at 668-69. Second, the court of appeals has jurisdiction to consider all claims presented in an alien's petition for a writ of habeas corpus. *See INS v. St. Cyr*, 533 U.S 289 (2001).[8] Consistent with these principles, we have made clear that constitutional challenges to removal proceedings, standing alone, are cognizable only when brought in a petition for a writ of habeas corpus. *See Pulice v. INS*, 218 F.3d 505, 507-508 (6th Cir. 2000) (dismissing a petition for review of a removal order for lack of jurisdiction because the petitioner presented only constitutional claims and observing that "[p]etitioner is free to pursue his claims on habeas review in the district court"). Accordingly, the government's apparent belief that on direct review of the BIA, the court of appeals may consider constitutional claims standing alone, *see* Brief of Respondent at 21 n.10, is contrary to the Supreme Court's controlling interpretation of § 1252(a)(2)(C).[9] *See Calcano-Martinez*, 533 U.S. at 349-51; *see also Pulice*, 218 F.3d at 507-508; *Mansour v. INS*, 123 F.3d 423, 425-26 (6th Cir. 1997). Indeed, a recent opinion of the Ninth Circuit well expresses the reality of present-day immigration jurisdiction in the court of appeals:

> [B]oth Cedano-Viera and the government assert that we may consider his constitutional claims regardless of the fact that this court is divested of jurisdiction to review his order of removal. We conclude that the court of appeals, having no jurisdiction to review Cedano-Viera's removal order because he was convicted of an aggravated felony, lacks jurisdiction to consider his constitutional challenges as well. As the Supreme Court has indicated and we have previously held, constitutional claims by aliens who are subject to removal as aggravated felons must be raised in the district court through habeas corpus proceedings.

*Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1064 (9th Cir. 2003).

In sum, we may entertain Patel's *St. Cyr* claim *only* if the BIA erred in determining that he is removable for having committed an aggravated felony.[10] Thus, we have jurisdiction to review whether § 1252(a)(2)(C) applies, i.e., whether Patel's offense constitutes an aggravated felony. As the Seventh Circuit recently observed, "[w]e have jurisdiction to determine whether Flores has committed a removable offense, but if he has done so then we lack jurisdiction to review any other issues." *Flores*, 350 F.3d at 668-69 (citations omitted). Accordingly, if we determine that Patel's conviction for aggravated criminal sexual abuse in Illinois constitutes a conviction for an aggravated felony, we must dismiss the petition for lack of jurisdiction.

## B.      Removability Under 8 U.S.C. § 1227(a)(2)(A)(iii)

The question whether Patel's conviction renders him removable under § 1227(a)(2)(A)(iii) is a non-discretionary, purely legal question; the Courts of Appeal ordinarily must review such questions *de novo*. *See*, *e.g.*, *Leocal*, 125 S.Ct. at 380-81 (reviewing removability under § 1227(a)(2)(A)(iii) *de novo*); *Chery v. Ashcroft*, 347 F.3d 404, 406-407 (2d Cir. 2003) (same). Where appropriate, however, the courts must defer to reasonable BIA interpretations of the statutes they are charged with implementing. *See Chevron*

---

[8] We note that even before the Supreme Court upheld the jurisdiction-stripping features of 8 U.S.C. § 1252, *see Calcano-Martinez v. INS*, 533 U.S. 348 (2001), we did so in two opinions. *See Pulice v. INS*, 218 F.3d 505, 507-508 (6th Cir. 2000); *Mansour v. INS*, 123 F.3d 423, 425-26 (6th Cir. 1997).

[9] The primary case upon which the government relies for this point was decided not on direct review of the BIA but in the habeas corpus posture. *See Demore v. Kim*, 538 U.S. 510 (2003).

[10] This is the case even though the only apparent purpose Patel has in challenging the determination that he is an aggravated felon is to secure a forum to present his *St. Cyr* claim. Because Patel was found to be removable for committing a crime involving moral turpitude and an aggravated felony, an opinion from this Court to the effect that he is not an aggravated felon will not prevent his removal. However, it would support this Court's jurisdiction to consider his challenge to the retroactive application of IIRIRA in this case.

*U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984). However, the BIA's ultimate conclusion that a particular state conviction amounts to an aggravated felony conviction within the meaning of § 1227(a)(2)(A)(iii) is reviewed *de novo* because such a conclusion depends upon interpreting state statutes and federal statutes unrelated to immigration. *See*, *e.g.*, *Chery*, 347 F.3d at 407.

As indicated *supra*, § 1227(a)(2)(A)(iii) renders removable any alien "convicted of an aggravated felony." *Id.* Section 101(a)(43) of the INA defines "aggravated felony" as, *inter alia*, "a crime of violence (as defined in section 16 of title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. 1101(a)(43)(F). Section 16 of title 18, in turn, defines a "crime of violence" as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C § 16. In this case, the BIA concluded that "[t]here is no issue in the present case that [Patel's] conviction falls within the purview of 18 U.S.C. § 16(a). Likewise, there is no dispute that the respondent's conviction is a felony. Thus, the sole issue before us is whether the conviction is a crime of violence under 18 U.S.C. § 16(b)." J.A. at 5. Accordingly, because there is also no dispute that Patel's sentence was 5 years, *see* § 1101(a)(43)(F) (requiring that a sentence of more than one year is imposed), this question reduces to whether Patel's offense is a crime of violence under § 16(b).[11]

Although we have previously considered cases involving removal for aggravated felonies defined elsewhere in § 1101(a)(43), such as removal for drug offenses defined in § 1101(a)(43)(B), *see Garcia-Echaverria v. United States*, 376 F.3d 507 (6th Cir. 2004); *Kayrouz v. Ashcroft*, 2004 WL 2320341 (6th Cir. Sept. 22, 2004) (unpublished order), we have not yet considered a case involving removal for an aggravated felony as defined in § 1101(a)(43)(F). However, the Supreme Court has considered such a case, *see Leocal v. Ashcroft*, 125 S.Ct. 377 (2004) (holding that a Florida conviction for DUI does not amount to a crime of violence under § 16(b)), as have some of our sister circuits. *See*, *e.g.*, *Chery v. Ashcroft*, 347 F.3d 404 (2d Cir. 2003) (holding that a Connecticut conviction for sexual assault is a crime of violence under § 16(b)); *Jobson v. Ashcroft*, 326 F.3d 367 (2d Cir. 2003) (holding that second degree manslaughter in New York is not a crime of violence under § 16(b)); *Flores v. Ashcroft*, 350 F.3d 666 (7th Cir. 2003) (examining a state domestic abuse conviction partly under § 16(a)); *Guerrero-Perez v. INS*, 242 F.3d 727, 730 (7th Cir. 2001) (holding that an Illinois misdemeanor conviction for criminal sexual abuse is an aggravated felony).

Moreover, courts have considered whether sexual assault or sexual abuse constitute crimes of violence under 18 U.S.C. § 16(b). *See*, *e.g.*, *Chery*, 347 F.3d at 407-408; *Zaidi v. Ashcroft*, 374 F.3d 357 (5th Cir. 2004) (holding that the Oklahoma crime of sexual battery is a crime of violence under § 16(b)). And the Sixth Circuit has held, in a similar context, that the Ohio crime of sexual battery through deception is a crime of violence. *See United States v. Mack*, 53 F.3d 126, 128 (6th Cir.), *cert. denied*, 516 U.S. 853 (1995) (interpreting the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii)). With these cases as a guide, we conclude that Patel's offense clearly constitutes a crime of violence under § 16(b). Under that section, a "crime of violence" is a crime "that is a felony and that, by its nature, involves a substantial risk that physical force against the person . . . of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

---

[11] The government argues that Patel's crime is a crime of violence under § 16(a) as well. *See* Brief of Respondent at 23-27. Because we conclude that the crime satisfies the requirements of § 16(b), we do not consider whether it also satisfies § 16(a).

The Second Circuit's § 16(b) jurisprudence is particularly relevant to the case at bar. In *Chery v. Ashcroft*, the court considered an alien's conviction for sexual assault in Connecticut. 347 F.3d 404 (2d Cir. 2003). The court analyzed the criminal statute at issue, as did the BIA in this case, under the "categorical approach." *Chery*, 347 F.3d at 407 (analyzing CONN. GEN. STAT. § 53a-71). "Under this rubric, we focus on the 'intrinsic nature of the offense rather than on the factual circumstances surrounding any particular violation.' Accordingly, 'only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant.'" *Id.* (quoting *Dalton v. Ashcroft*, 257 F.3d 200, 204 (2d Cir. 2001)). Indeed, as the Supreme Court recently held, both sections 16(b) and (a) of title 18 "require[ ] us to look to the elements and the nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime." *Leocal*, 125 S.Ct. at 381.

Thus the courts are to consider "the defendant's likely use of violent force as a means to an end." *Jobson v. Ashcroft*, 326 F.3d 367, 373 (2d Cir. 2003). If, in regard to a particular type of crime, "there is a substantial likelihood that the perpetrator will intentionally employ physical force," *Dalton*, 257 F.3d at 208, it is a "crime of violence" under § 16(b). In *Chery*, the statute under which the petitioner was charged prohibited sexual intercourse with certain protected individuals including, *inter alia*, individuals who are mentally incapacitated and unable to consent, physically helpless, and under sixteen years of age. *See* CONN. GEN. STAT. § 53a-71. The Second Circuit held that under the statute, "although . . . force may not be present in all circumstances, the *risk* of the use of force is inherent in each of the offenses set forth in the statute." *Chery*, 347 F.3d at 408.

Patel was convicted for aggravated criminal sexual abuse, in violation of an Illinois statute. To sustain a conviction under that statute, the state must first show that the defendant committed criminal sexual abuse, which encompasses acts of sexual conduct (a) "by the use of force or threat of force" or (b) where "the accused knew that the victim was unable to understand the nature of the act or was unable to give knowing consent." 720 ILL. COMP. STAT. 5/12-15 (1993).[12] Second, the state must show one of various aggravating factors, including that the accused displayed what reasonably appeared to be a dangerous weapon or caused great bodily harm to the victim; or that the victim was at least 60 years of age,

---

[12]The Criminal Sexual Abuse statute provides, in full:

(a) The accused commits criminal sexual abuse if he or she:
(1) commits an act of sexual conduct by the use of force or threat of force; or
(2) commits an act of sexual conduct and the accused knew that the victim was unable to understand the nature of the act or was unable to give knowing consent.

(b) The accused commits criminal sexual abuse if the accused was under 17 years of age and commits an act of sexual penetration or sexual conduct with a victim who was at least 9 years of age but under 17 years of age when the act was committed.

(c) The accused commits criminal sexual abuse if he or she commits an act of sexual penetration or sexual conduct with a victim who was at least 13 years of age but under 17 years of age and the accused was less than 5 years older than the victim.

(d) Sentence. Criminal sexual abuse is a Class A misdemeanor. A second or subsequent conviction for a violation of subsection (a) of this Section is a Class 2 felony. For purposes of this Section it is a second or subsequent conviction if the accused has at any time been convicted under this Section or under any similar statute of this State or any other state for any offense involving sexual abuse or sexual assault that is substantially equivalent to or more serious than the sexual abuse prohibited under this Section.

720 ILL. COMP. STAT. 5/12-15 (1993).

a certain number of years younger than the accused, physically handicapped, severely mentally retarded and institutionalized, or in a position where she trusted or had to obey the defendant. *Id*. 5/12-16 (1993).[13]

As with the statute at issue in *Chery*, it is possible that a defendant in an Illinois prosecution for aggravated criminal sexual abuse "may be convicted where no actual force is used." *Chery*, 347 F.3d at 408. Nevertheless, "the *risk* of force remains inherent in the offense." *Id*. Indeed, it requires no great investigation to determine that the crime for which Patel was convicted criminalizes sexual conduct "with a victim who is unable to give consent" and, consequently, "the statute *inherently* involves a substantial risk that physical force may be used in the course of committing the offense." *Id*. The Second Circuit's ultimate explanation for its conclusion in *Chery* capably demonstrates why the Illinois crime of aggravated criminal sexual abuse is a crime of violence under § 16(b) and thus an aggravated felony under § 1101(a)(43)(F):

> In short, because of the disparate ages of the defendant and the victim, or the mental incapacity or physical helplessness of the victim, or the defendant's position of authority over the victim, the crime, *semper et ubique*, includes a substantial risk of physical force.

---

[13]The Aggravated Criminal Sexual Abuse statute provides, in full:

(a) The accused commits aggravated criminal sexual abuse if he or she commits criminal sexual abuse as defined in subsection (a) of Section 12-15 of this Code and any of the following aggravating circumstances existed during the commission of the offense:

(1) the accused displayed, threatened to use or used a dangerous weapon or any object fashioned or utilized in such a manner as to lead the victim under the circumstances reasonably to believe it to be a dangerous weapon; or

(2) the accused caused great bodily harm to the victim; or

(3) the victim was 60 years of age or over when the offense was committed; or

(4) the victim was a physically handicapped person.

(b) The accused commits aggravated criminal sexual abuse if he or she commits an act of sexual conduct with a victim who was under 18 years of age when the act was committed and the accused was a family member.

(c) The accused commits aggravated criminal sexual abuse if:

(1) the accused was 17 years of age or over and (i) commits an act of sexual conduct with a victim who was under 13 years of age when the act was committed; or (ii) commits an act of sexual conduct with a victim who was at least 13 years of age but under 17 years of age when the act was committed and the accused used force or threat of force to commit the act; or

(2) the accused was under 17 years of age and (i) commits an act of sexual conduct with a victim who was under 9 years of age when the act was committed; or (ii) commits an act of sexual conduct with a victim who was at least 9 years of age but under 17 years of age when the act was committed and the accused used force or threat of force to commit the act.

(d) The accused commits aggravated criminal sexual abuse if he or she commits an act of sexual penetration or sexual conduct with a victim who was at least 13 years of age but under 17 years of age and the accused was at least 5 years older than the victim.

(e) The accused commits aggravated criminal sexual abuse if he or she commits an act of sexual conduct with a victim who was an institutionalized severely or profoundly mentally retarded person at the time the act was committed.

(f) The accused commits aggravated criminal sexual abuse if he or she commits an act of sexual conduct with a victim who was at least 13 years of age but under 18 years of age when the act was committed and the accused was 17 years of age or over and held a position of trust, authority or supervision in relation to the victim.

(g) Sentence. Aggravated criminal sexual abuse is a Class 2 felony.

720 ILL. COMP. STAT. 5/12-16 (1993).

*Chery*, 347 F.3d at 408-409. *See also Sutherland v. Reno*, 228 F.3d 171, 176-78 (2d Cir. 2000) (holding that the Massachusetts crime of sexual assault and battery of a minor is a crime of violence under § 16(b) because it "involves a non-consensual act upon another person"); *Zaidi v. Ashcroft*, 374 F.3d 357, 361 (5th Cir. 2004) (linking substantial risk of force to lack of consent).

Furthermore, we note that the Second Circuit's reasoning is not contrary to the authority of this circuit. In *United States v. Mack*, we held that the Ohio crime of sexual battery through deception constitutes a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). 53 F.3d at 128. The *Mack* Court concluded that sexual battery through deception is committed by "requiring another to do something against his or her will . . . . It therefore carries with it 'the ever-present possibility that the victim may figure out what's really going on and decide to resist, in turn requiring the perpetrator to resort to actual physical restraint . . . .'" *Id.* (quoting *United States v. Kaplansky*, 42 F.3d 320, 324 (6th Cir. 1994)). The Fifth Circuit adopted our reasoning in *Mack* to conclude that the Oklahoma crime of sexual battery, because it depends on a non-consensual sexual encounter between defendant and victim, is a crime of violence under § 16(b) and thus an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). *See Zaidi*, 374 F.3d at 361.

Because Patel's crime is a "crime of violence" within the meaning of 18 U.S.C. § 16(b), it is therefore an aggravated felony under § 8 U.S.C. 1101(a)(43)(F) and renders him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). Accordingly, the BIA did not err in affirming the IJ's order of removal. Finally, for the reasons stated *supra* in our discussion of jurisdiction, we must dismiss Patel's petition for lack of jurisdiction. *See* 8 U.S.C. §1252(a)(2)(C).

### III. CONCLUSION

For the foregoing reasons, we dismiss the petition for lack of jurisdiction.