NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0250n.06
Filed: April 4, 2005

No. 03-4227

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

RONALD GUENTHER,                    )
                                    )
        Petitioner,                 )
                                    )   ON APPEAL FROM THE UNITED
v.                                  )   STATES DISTRICT COURT FOR THE
                                    )   EASTERN DISTRICT OF MICHIGAN
ALBERTO GONZALEZ, ATTORNEY          )
GENERAL,                            )
                                    )   OPINION
        Respondent.                 )
                                    )

**Before: MARTIN, GILMAN, and FRIEDMAN, Circuit Judges.**[*]

**RONALD LEE GILMAN, CIRCUIT JUDGE.** Ronald Guenther, a native and citizen of

Canada, petitions this court for review of an order issued by the Board of Immigration Appeals

(BIA). The order affirmed without opinion the decision of the immigration judge (IJ) ordering that

Guenther be removed for having committed an aggravated felony and denying his application for

discretionary relief from removal. On appeal, Guenther argues that the BIA erred in (1) holding that

his conviction for voluntary manslaughter was an "aggravated felony" within the meaning of the

Immigration and Naturalization Act (INA), (2) applying the aggravated-felony statute to his case

when his conviction allegedly occurred before the statute's enactment, and (3) affirming the decision

---

[*]The Honorable Daniel M. Friedman, Senior United States Circuit Judge with the Court of Appeals for the
Federal Circuit, sitting by designation.

of the IJ without opinion. For the reasons set forth below, we **DISMISS** Guenther's petition for review.

## I. BACKGROUND

Guenther, a citizen of Canada, became a permanent resident of the United States when he entered this country with his parents as a young child in March of 1973. Although he has never applied for United States citizenship, Guenther has lived in this country for over 30 years and has a daughter who is an American citizen.

The events precipitating this removal action occurred in Monterey, Tennessee in November of 1990. Guenther became enraged when he learned that his estranged wife, Rhonda Guenther, was spending time with another man, James Coppinger. Three days later, wearing a ski mask and armed with a shotgun, Guenther waited for the couple outside of his wife's home. When they arrived, he began to fire at their car, causing Coppinger to swerve off the road and hit a tree. As Coppinger helped Rhonda out of the car, he was shot in the back and mortally wounded. Rhonda, who was injured in the crash, fled the scene on foot. She was hit by shotgun pellets at least two times before she escaped into her brother's trailer approximately 500 yards away. The number of shotgun shells found at the scene indicated that Guenther had reloaded his weapon at least once during the attack.

In October of 1991, a jury found Guenther guilty of voluntary manslaughter and attempted voluntary manslaughter. He served three years of his five-year prison sentence and was released in October of 1994. The Immigration and Naturalization Service then instituted removal proceedings against Guenther, alleging that he had been "convicted of two or more crimes involving moral

turpitude, not arising out of a single scheme of criminal misconduct," in violation of INA § 241(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii). Appearing before the IJ, Guenther argued that the two offenses arose out a single scheme of misconduct. He also applied for a waiver of inadmissability under INA § 212(c), a provision, since repealed, that permitted the United States Attorney General to grant discretionary relief to aliens who would otherwise be subject to removal. 8 U.S.C. § 1182(c) (repealed 1996).

Finding that the government had failed to show that Guenther's voluntary manslaughter and attempted voluntary manslaughter convictions arose out of two separate schemes of criminal misconduct, the IJ concluded that Guenther was not removable. The government appealed the IJ's decision to the BIA. At the same time, the government lodged an additional charge of removability against Guenther on the basis that he had been convicted of an "aggravated felony" as defined in INA §101(a)(43), 8 U.S.C. § 1101(a)(43), and was therefore subject to removal pursuant to INA § 241(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).

The BIA ruled that the IJ had improperly permitted Guenther to invoke the Fifth Amendment privilege against self-incrimination, which had allowed him to refuse to answer relevant questions regarding the events surrounding his convictions. Because the BIA decided to remand the case to the IJ for further proceedings, it did not consider the government's additional charge that Guenther was removable for having committed an aggravated felony.

On remand, the IJ upheld his prior determination that the government had failed to demonstrate that Guenther's offenses had arisen out of two separate schemes of criminal misconduct. But, in ruling on the government's additional ground for removal, the IJ concluded that

Guenther's conviction for voluntary manslaughter constituted an "aggravated felony," and that he was therefore removable pursuant to INA § 241(a)(2)(A)(iii). The IJ neglected to rule on Guenther's application for a waiver of inadmissability pursuant to INA § 212(c). This failure was the basis for the BIA's second remand of Guenther's case.

Prior to the IJ's hearing on Guenther's application for discretionary relief under § 212(c), however, Guenther committed two more offenses. He was charged in November of 1999 with the statutory rape of a 15-year-old girl in Putnam County, Tennessee. While he was awaiting sentencing for that offense, Guenther was charged in December of 1999 with an assault on his second wife in Southhaven, Mississippi. That charge was dismissed after Guenther committed no further offenses in the county for one year. After pleading to a misdemeanor assault with regard to the statutory rape charge, Guenther received a jail sentence of nearly a year. He served six months in jail and was placed on probation for the remainder of his sentence.

The IJ determined that Guenther was statutorily eligible for a waiver of inadmissability under INA § 212(c), but concluded after a lengthy hearing that Guenther had not demonstrated any unusual or outstanding equities that would warrant a favorable exercise of discretion by the Attorney General. On appeal, the BIA affirmed without opinion the IJ's decision to deny Guenther a waiver of inadmissability under § 212(c) and ordered him deported to Canada. This timely appeal followed.

## II. ANALYSIS

A.      **Jurisdiction to consider the petition for review**

The Attorney General has filed a motion to dismiss the present action, arguing that we lack jurisdiction to consider Guenther's petition for review. Specifically, the government contends that, because Guenther has been convicted of an aggravated felony pursuant to INA § 241(a)(2)(A)(iii), judicial review of his appeal is barred by § 309(c)(4)(G) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009-627 (1996), and § 440(a)(10) of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254. "We review questions of subject-matter jurisdiction de novo." *Pak v. Reno*, 196 F.3d 666, 669 (6th Cir. 1999).

Because Guenther's immigration proceedings commenced before April 1, 1997 (the effective date of IIRIRA), and a final order of deportation was entered more than 30 days after September 30, 1996, the transitional rules of IIRIRA apply to his petition for review. *See Pulice v. INS*, 218 F.3d 505, 507 n.4 (6th Cir. 2000). The transitional rules state that Guenther's appeal is governed by the former INA § 106, 8 U.S.C. § 1105a (repealed 1996), which stated that "there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in . . . section 241(a)(2)(A)(iii) . . . of the [INA] . . . ." IIRIRA § 309(c)(4)(G) (codified at 8 U.S.C. § 1101 note).

If Guenther is deemed to have been convicted of an "aggravated felony" within the meaning of § 241(a)(2)(A)(iii), then we are without jurisdiction to hear a challenge to his deportability on this ground. *See Pak*, 196 F.3d at 671 (stating that "the plain language of IIRIRA § 309(c)(4)(G) eliminates ordinary appellate review of deportation orders for aliens convicted of certain offenses"); *Mansour v. INS*, 123 F.3d 423, 426 (6th Cir. 1997) (dismissing the petition for review for lack of

jurisdiction where the court found that the alien had been convicted of a jurisdiction-stripping offense under § 309(c)(4)(G) of IIRIRA).  We retain limited jurisdiction, however, to determine the underlying jurisdictional fact at issue; namely, whether Guenther's voluntary manslaughter conviction constitutes an aggravated felony.  *See Pulice*, 218 F.3d at 507-08 (determining that the alien had committed an offense classified as an "aggravated felony" under § 241(a)(2)(A)(iii) before dismissing the petition for lack of jurisdiction).

Furthermore, this court's appellate jurisdiction may be invoked if we find that there is merit to Guenther's constitutional claims that the aggravated-felony statute was applied to him retroactively or that the BIA's summary-affirmance procedure violated his due process rights.  *See Denko v. INS*, 351 F.3d 717, 726 (6th Cir. 2003) (holding that "aliens . . . cannot be 'expelled' without the government following established procedures consistent with the requirements of due process").  Appellate review of these claims is appropriate because, notwithstanding IIRIRA and AEDPA, "the courts of appeals retain jurisdiction to review 'substantial constitutional challenges' raised by aliens."  *Calcano-Martinez v. INS*, 533 U.S. 348, 350 n.2 (2001) (holding that "constitutional concerns must be considered in determining the scope of IIRIRA's jurisdiction-stripping provisions").

**B.      Standard of review**

"When the Board adopts the decision of the IJ in lieu of issuing its own opinion, we review the IJ's decision as the final agency decision."  *Denko*, 351 F.3d at 726.  In reviewing a decision of the BIA, "questions of law are reviewed *de novo*" by this court.  *Suassuna v. INS*, 342 F.3d 578, 581 (6th Cir. 2003); *see also Denko*, 351 F.3d at 726 ("We review de novo claims of due-process

violations in deportation proceedings."). Whether voluntary manslaughter is an "aggravated felony" is a question of law. *See Park v. INS*, 252 F.3d 1018, 1021-22 (9th Cir. 2001) (concluding after a de novo review that involuntary manslaughter is an aggravated felony).

**C.      Guenther's claim that he has not committed an "aggravated felony" is not reviewable because he failed to exhaust his administrative remedies**

Guenther argues that the BIA erred in finding him removable pursuant to INA § 241(a)(2)(A)(iii) because his conviction for voluntary manslaughter lacked the intent element necessary to constitute an aggravated felony. Although the government contends that the BIA was correct in finding Guenther removable, it nevertheless maintains that this fact is irrelevant for the purposes of the present case because Guenther failed to raise this argument on appeal before the BIA. If the government is correct, then Guenther has not exhausted his administrative remedies and we are without jurisdiction to consider his new argument on appeal. *See Suassuna*, 342 F.3d at 583 ("The statute governing our jurisdiction to review an order of deportation requires the exhaustion of administrative remedies.").

Administrative exhaustion is required in immigration proceedings "(1) to ensure that the . . . agency responsible for construing and applying the immigration laws and implementing regulations[] has had a full opportunity to consider a petitioner's claims; (2) to avoid premature interference with the agency's processes; and (3) to allow the BIA to compile a record which is adequate for judicial review." *Ramani v. Ashcroft*, 378 F.3d 554, 559 (6th Cir. 2004) (citations and quotation marks omitted). Because exhaustion is statutorily mandated pursuant to 8 U.S.C. § 1252(d)(1), it is "a stricter requirement than merely requiring an alien to exhaust all avenues of

appeal; . . . [an alien is] further require[d] . . . to preserve each claim by presenting it to the BIA."
*Id.*; *see also Sousa v. INS*, 226 F.3d 28, 31 (1st Cir. 2000) ("The common law requirement of exhaustion is a fairly flexible rule . . . , [but] we are bound by precedent to apply the INA exhaustion requirement in a more draconian fashion.").

The INS charged that Guenther was removable as an aggravated felon in October of 1996, when his case was on appeal before the BIA for the first time. When the BIA issued its decision in September of 1997, it reversed the IJ's decision on other grounds and declined to reach the issue of whether Guenther had committed an aggravated felony. On remand, the IJ heard argument for the first time on the government's charge that Guenther was removable as an aggravated felon. At the outset of Guenther's hearing, the IJ announced that "really the only issue, as I see it, is a question of law. And, that is whether or not the offenses under consideration constitute aggravated felonies, or no[t]."

The IJ advised the parties that he was inclined to rule that "due to changes in the [INA], I find that . . . the two offenses are aggravated felonies." Guenther's attorney raised two arguments in response: (1) that the retroactive application of the aggravated-felony statute was unconstitutional, and (2) that Guenther was entitled to discretionary relief under INA § 212(c). At no point did Guenther's attorney argue that the conviction for voluntary manslaughter should not be classified as an aggravated felony.

In his appeal brief submitted to the BIA, Guenther raised the same two issues that he had argued before the IJ. Again he failed to argue that his conviction for voluntary manslaughter was not an aggravated felony. In fact, our review of the administrative record reveals that the first time

this argument was raised by Guenther was in the brief that he filed with this court. Because Guenther has failed to exhaust his administrative remedies, we lack jurisdiction to consider Guenther's claim that his voluntary manslaughter conviction should not be considered an aggravated felony. *See Ramani*, 378 F.3d at 560 ("[W]e hold that only claims properly presented to the BIA and considered on their merits can be reviewed by this court in an immigration appeal.").

**D.     The aggravated-felony statute was not applied to Guenther retroactively**

Guenther dedicates two sentences in his brief to the argument that his 1991 conviction for voluntary manslaughter occurred prior to the 1996 enactment of the IIRIRA, so that applying the aggravated-felony statute to him allegedly constitutes an impermissible retroactive application of a law. When originally enacted as part of the Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, 102 Stat. 4181 (1988), the aggravated-felony statute, 8 U.S.C. § 1227(a)(2)(A)(iii), applied only to aliens convicted of certain drug offenses. But in the Immigration Act of 1990, Pub. L. No. 101-646, 104 Stat. 4978 (1990), Congress expanded the definition of "aggravated felony" to include "crimes of violence" for which the sentence was at least five years or longer. This statute was in force when Guenther was convicted of voluntary manslaughter in 1991. IIRIRA's later enactment in September of 1996 simply expanded the definition of "aggravated felony" to encompass crimes of violence with sentences of one year or more. *See Sousa*, 226 F.3d at 33. Accordingly, a finding that Guenther is removable pursuant to the aggravated-felony statute does not result in a retroactive application of the law. We therefore conclude that Guenther's due process rights were not violated when the aggravated-felony statute was applied to him.

**E.     The BIA's summary-affirmance procedure is not unconstitutional**

Finally, Guenther seeks to attack the IJ's decision to deny him discretionary relief under INA § 212(c) by challenging, on due process grounds, the BIA's use of the summary-affirmance procedure. The denial of Guenther's request for a waiver of inadmissibility pursuant to § 212(c) cannot constitute a due process violation, however, because "an alien has no constitutionally-protected right to discretionary relief or to be eligible for discretionary relief." *See Balogun v. United States Attorney Gen.*, 304 F.3d 1303, 1311 (11th Cir. 2002) (citation and quotation marks omitted). And this court has already held that "it is not a due process violation for the BIA to affirm the IJ's decision without issuing an opinion." *Denko v. INS*, 351 F.3d 717, 730 (6th Cir. 2003) (citation and quotation marks omitted). We therefore conclude that Guenther's constitutional rights were not violated by the BIA's summary affirmance of the IJ's decision denying Guenther a discretionary waiver of inadmissibility under § 212(c).

## III. CONCLUSION

Guenther has failed to exhaust his administrative remedies with regard to his claim that voluntary manslaughter is not an "aggravated felony" pursuant to INA § 241(a)(2)(A)(iii). Because he has also failed to demonstrate that he has suffered any substantial constitutional deprivations, we **DISMISS** his petition for review.