**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ANDRE TERRELL ROWLAND,

      Defendant-Appellant.

No. 02-5190

(N.D. Oklahoma)

(02-CR-67-H)

---

**Appeal from the United States District Court
for the Northern District of Oklahoma
(02-CR-67-H)**

---

Submitted on the briefs: [*]

Paul D. Brunton (with Julia L. O'Connell and Barry L. Derryberry on the briefs), Office of the Federal Public Defender, Northern and Eastern Districts of Oklahoma, for the Appellant.

David E. O'Meilia (with Kevin Danielson), United States Attorney, Northern District of Oklahoma, for the Appellee.

---

Before **HENRY** , **BALDOCK** , and **HARTZ** , Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34 (a)(2); 10TH CIR. R. 34.1(G). The case therefore is ordered submitted without oral argument.

**HENRY** , Circuit Judge.

Andre Rowland appeals his sentence for possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Specifically, he appeals the district court's determination that his prior state conviction for sexual battery constituted a prior conviction for a "crime of violence" within the meaning of USSG § 4B1.2(a), resulting in a base offense level of 24 under USSG § 2K2.1(a)(2) and a sentence of ninety-six months' imprisonment. We exercise jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

Mr. Rowland was charged in a one-count indictment with possession of a firearm and ammunition after former conviction of a felony, in violation of 18 U.S.C. §§ 922(g) and 924(a)(1). The indictment also alleged that Mr. Rowland had been convicted of the following three felonies: (1) sexual battery, (2) feloniously pointing a weapon, and (3) concealing stolen property. Mr. Rowland pleaded guilty to the charge.

The probation officer concluded that the sexual battery conviction and the felonious pointing of a weapon conviction were "crimes of violence" under the guidelines. Under § 2K2.1(a)(2), two or more previous felony convictions for

"crimes of violence" result in a base level of 24. After a downward adjustment of three points for acceptance of responsibility, the district court applied an offense level of 21 and criminal history category VI, and sentenced Mr. Rowland to the maximum ninety-six months in custody, to be followed by three years of supervised release.

Mr. Rowland challenges the district court's enhancement of his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (the "ACCA"). Specifically, Mr. Rowland contests the characterization of the prior conviction for sexual battery as premised upon conduct constituting a crime of violence.

## II. DISCUSSION

### A. Standard of Review

The district court's determination that the felony of sexual battery in Oklahoma is a crime of violence under the Guidelines is a legal ruling that we review de novo. *See United States v. Vigil*, 334 F.3d 1215, 1218 (10th Cir. 2003). We hold that Mr. Rowland has the two requisite convictions for crimes of violence for the application of the ACCA.

### B. Analysis

Mr. Rowland objected to the presentence report's characterization of sexual battery as a crime of violence. Application Note 5 of USSG § 2K2.1(2) explains

that the term "crime of violence" has the identical meaning given to the term in § 4B1.2(a) and its Application Note 1. Section 4B1.2 has alternative tests for determining whether an offense is a crime of violence. Mr. Rowland contends that sexual battery does not meet either definition.

Section 4B1.2(a)(1) states that a crime of violence includes any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1). The second category includes any offense that "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents *a serious potential risk of physical injury to another*." *Id.* § 4B1.2(a)(2) (emphasis added).

Under the analytic approach mapped out in *Taylor v. United States*, 495 U.S. 575 (1990), the sentencing court, when applying § 924(e), must "look only to the fact of conviction and the statutory definition of the prior offense." *Id.* at 602; *see United States v. Zamora*, 222 F.3d 756, 764 (10th Cir. 2000) (considering definition of "crime of violence" under USSG § 4B1.2). If there is any ambiguity, we may "look beyond the statute to certain records . . . , such as the charging documents, the judgment, any plea thereto, and findings by the court." *Zamora*, 222 F.3d at 764; *see Taylor*, 495 U.S. at 602 (outlining inquiry as to state statute's definition of "burglary" under § 924(e)); USSG § 4B1.2 cmt.,

n.2 ("[T]he offense of conviction (i.e., the conduct of which the defendant was convicted) is the focus of inquiry.").

Because the enhancement statute does not specifically list the crime of sexual battery as a violent felony, we look to whether sexual battery "is a crime that either has an element of use, attempted use[,] or threatened use of physical force against the person of another, or whether that crime involves conduct that presents a serious potential risk of physical injury to another." *United States v. Phelps*, 17 F.3d 1334, 1342 (10th Cir. 1994). Under Oklahoma law:

> Sexual battery shall mean the intentional touching, mauling or feeling of the body or private parts of any person sixteen (16) years of age or older, in a lewd and lascivious manner and without the consent of that person.

Okla. Stat. Ann. tit. 21, § 1123(B).

The government concedes that sexual battery does not satisfy § 4B1.2(a)(1), because it does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1). However, the government urges us to hold that § 4B1.2(a)(2) encompasses Oklahoma's definition of sexual battery because sexual battery "presents a serious potential risk of physical injury to another." *Id.* § 4B1.2(a)(2).

Mr. Rowland counters by emphasizing the ambiguity of the statute: sexual battery can be the mere nonconsensual touching of an arm or a leg in a lewd and lascivious manner. Such contact entails neither violence nor serious potential risk

of injury.  To allow "[a]n inference of violence from mere unconsented-to physical contact . . . .  would transform any unconsented-to touching . . . into a crime of violence."  *United States v. Shannon,*  110 F.3d 382, 385 (7th Cir. 1997) (en banc).  He urges us to look to the charging documents and examine the "'nature' of the criminal conduct in reaching an answer." Aplt's Br. at 8 (citing *United States v. Mitchell*, 113 F.3d 1528, 1533 (10th Cir. 1997) (after looking at the charging documents, we held that defendant's "two prior escape convictions by their nature involved conduct that presented a serious potential risk of physical injury"); and *United States v. Gosling*, 39 F.3d 1140, 1142 n.3 (10th Cir. 1994) (examining the charging documents and concluding that the offense of escape "by its nature presented a serious potential risk of physical injury to another and thus is properly characterized as a crime of violence")).  Mr. Rowland also suggests that, unlike the Ohio statute referred to by the district court, the Oklahoma statute requires no deception, and thus carries with it no serious potential risk of violence.  *See* Rec. vol. III, at 18-19 (Sentencing Hr'g, dated Oct. 10, 2002) (citing *United States v. Mack*, 53 F.3d 126, 128 (6th Cir. 1995)).  We reject Mr. Rowland's arguments.

We find the reasoning of, and the difficult analysis encountered by, the Seventh Circuit's en banc opinion instructive, although we note that *Shannon* is not controlling here.  In *Shannon*, the defendant had previously been convicted of

second-degree sexual assault of a child.  Second degree sexual assault of a child constitutes a felony under Wisconsin law, and is committed by anyone who "has sexual contact or sexual intercourse with a person who has not attained the age of 16."  110 F.3d at 384 (quoting Wis. Stat. § 948.02(2)).  The Seventh Circuit recognized that the statute covered conduct that might not present a serious risk of physical injury, in that it "cover[ed] a lot of ground, and some of it may not be a crime of violence ground."  *Id.* at 387.  Specifically, the court rejected the government's argument that "every felonious sexual act with a minor is per se a crime of violence."  *Id.* at 385.  Judge Posner, writing for the court, noted that such a holding "would transform any unconsented-to touching that the law has made a felony into a crime of violence."  *Id.*  The court stated that "a serious risk of physical injury cannot *automatically* be inferred from the existence of a statutory-rape law."  *Id.* at 386.

The second-degree sexual assault statute was not limited to sexual intercourse, but also included sexual contact, "which can be as noninvasive as fondling a breast or buttock through clothing for the purpose of arousing the fondler sexually."  *Id.* at 387.  "Such contact might disturb a young person, but it would be highly unlikely to cause physical injury."  *Id.*

In determining that the court must look beyond the statute at the information, the Seventh Circuit held:

> To make the answer to the question whether felonious sex with a minor is a crime of violence a mechanical function of the laws of the different states would be arbitrary because it would make distinctions unsupportable on the basis of the risk of physical injury, that risk being a constant across states and the only relevant criterion (once the use of force is set to one side) in the guideline; would undermine the guidelines' goal of bringing about a reasonable uniformity in federal sentencing; and would treat "crime of violence" as a question of state rather than federal law.

*Id.* at 386.

In *Shannon*, the Seventh Circuit did not examine the "goals or grounds" behind the passage of the Wisconsin statute, but instead looked at the facts charged in the indictment or information, and in so doing, noted that the court was not bound by the "minimum conduct that would create the offense." *Id.* at 387. The defendant pleaded guilty to sexual intercourse with a girl who was 13 years and 10 months old at the time of the act. The court ultimately concluded, although with some uncertainty, that "any reasonable test would classify sexual intercourse with a 13 year old as conduct that creates a serious risk of physical injury and hence as a crime of violence within the meaning that the sentencing guidelines give the term." *Id.* at 389. In so doing, the court "urge[d] the Sentencing Commission to clarify the crime of violence guideline," *id.,* because the decision left certain questions unresolved, such as the proper treatment of cases in which the victim of the statutory rape is above the age of 13.

Although we encounter some similar tensions as the court faced in *Shannon*, in that the Oklahoma statute arguably makes the unconsented to touching of any body part a sexual battery and therefore a crime of violence, we have little difficulty distinguishing this case from the statute at issue in *Shannon.* Here, we are confronted with sexual battery of a victim over the age of sixteen, which encompasses the intentional sexual touching of another with a particular mental state and without consent. Such unconsented to touching represents a particular subset of battery. *See* Okla. Stat. Ann. tit. 21, § 642 ("A battery is any willful and unlawful use of force or violence upon the person of another.").

We confronted this issue with respect to a similar Utah statute regarding forcible sexual abuse in *McCann v. Bryon L. Rosquist, D.C., P.C.,* 185 F.3d 1113, 1119-20 (10th Cir. 1999), *vacated on other grounds by* 529 U.S. 1126 (2000). In determining that forcible sexual assault was a crime of violence within the meaning of the Gender Motivated Violence Act (the Violence Against Women Act's civil liability provision), we "conclude[d] that nonconsensual physical sexual abuse implicates substantial risk of physical force, even when unaccompanied by rape, bodily injury, or extreme forms of coercion." *Id.* at 1121. Because the statute at issue here presupposes a lack of consent, it necessarily carries with it a risk of physical force. *See id.*, 185 F.3d at 1120 (concluding that "the relationship between lack of consent and the substantial risk

of the application of physical force . . . . is significant regardless of the age of the victim"); *cf. Phelps*, 17 F.3d at 1342 (concluding that "it is plausible, and indeed even likely, that a non-consensual, unlawful kidnapping under the Missouri statute could potentially result in physical injury to an involved party"); *Mack*, 53 F.3d at 128 (holding that sexual battery, as defined under Ohio statute, constituted a crime of violence, because it "carries with it the *ever-present possibility that the victim may figure out what's really going on and decide to resist, in turn requiring the perpetrator to resort to actual physical restraint* ") (internal quotation marks omitted) (emphasis supplied).

As we noted in *Vigil*, § 4B1.2 "speaks in terms of probability–a 'risk'–not certainty." 334 F.3d at 1223. "'[R]isk is by definition probable not certain; hence potential rather than actual.'" *Id.* (quoting *Shannon*, 110 F.3d at 385). One certainly need not impose a physical injury to be convicted of sexual battery. As we have stated previously, "physical injury need not be a certainty for a crime to pose a serious risk of physical injury. Accordingly, the possibility that a crime may be completed without injury is irrelevant to the determination of whether it constitutes a crime of violence within the meaning of § 4B1.2." *Id.*; *see id.* at 1224 (holding that "aggravated incest, as defined by section 18-6-302 of the Colorado Revised Statutes, constitutes a crime of violence within the meaning of USSG § 4B1.2"); *see Mack,* 53 F.3d at 128. We agree with the district court's

conclusion that Oklahoma's statutory definition of sexual battery presents the "serious possibility[] of risk of physical injury." Rec. vol. III, at 18 (Sentencing Hr'g, dated Oct. 10, 2002); *see Mack*, 53 F.3d at 128.

Unlike the statute at issue in *Shannon*, there is little room for an arbitrary classification of sexual battery to be deemed a crime of violence, and thus there is no threat to the uniform application of the federal sentencing laws. The serious risk of bodily injury is a constant in cases involving sexual battery. We thus reject Mr. Rowland's unsound assertion that because no "deception" is required under the Oklahoma statute, there is "no premise for assuming that the perpetrator will resort to actual physical restraint in order to force compliance." Aplt's Br. at 8, and we hold that sexual battery, as defined under Oklahoma law, implicates a concomitant serious risk of physical injury.

## III. CONCLUSION

For the reasons stated above, we **AFFIRM** Mr. Rowland's conviction and sentence.