07-3636-cr
USA v. Gray

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

———————

August Term, 2007

(Argued: June 17, 2008                    Decided: July 25, 2008
                                          Amended: August 4, 2008)

Docket No. 07-3636-cr

———————

UNITED STATES OF AMERICA,

*Appellee*,

–v.–

CHRISTOPHER GRAY,

*Defendant-Appellant*.

———————

Before:      WESLEY and HALL, *Circuit Judges*, and KOELTL, *District Judge*.[1]

Appeal from an August 16, 2007 judgment of the United States District Court for the Southern District of New York (Jones, J.), following a non-jury trial, and sentencing Appellant to 46 months' imprisonment and three years' supervised release. We hold that reckless endangerment, in violation of N.Y. Penal Law § 120.25, is not a "crime of violence" under U.S.S.G. § 4B1.2(a)(2). Therefore, we affirm the judgment of conviction but vacate the sentence and remand the case to the district court for resentencing.

---

[1] The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

Conviction AFFIRMED, sentence VACATED, and case REMANDED for resentencing.

---

REED MICHAEL BRODSKY, Assistant United States Attorney (Jesse M. Furman, Assistant United States Attorney, *on the brief*), *for* Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY.

BROOKE E. CAREY (Patrick J. Smith, Corey E. Delaney, *on the brief*), Thacher Proffitt & Wood LLP, New York, NY, *for Defendant-Appellant*.

---

WESLEY, *Circuit Judge*:

Defendant-Appellant Christopher Gray appeals from an August 16, 2007 judgment of the United States District Court for the Southern District of New York (Jones, J.), following a non-jury trial, and sentencing Gray to 46 months' imprisonment on each count, to be served concurrently, and three years' supervised release. In a separate summary order filed today, we reject Appellant's challenge to the judgment of conviction. In addition, Gray challenges his sentence by arguing that the district court erred in finding that his prior conviction for reckless endangerment, in violation of N.Y. Penal Law § 120.25, was a "crime of violence," under U.S.S.G. § 4B1.2(a)(2). We hold, pursuant to *Begay v. United States*, 128 S. Ct. 1581 (2008), decided after the sentencing in this case, that reckless endangerment does not fall within the definition of "crime of violence" because it does not involve purposeful conduct as required by § 4B1.2(a)(2). Therefore, we affirm the judgment of conviction but vacate the sentence and remand the case to the district court for resentencing.

## Background

On June 8, 2005, Gray was indicted on charges of knowingly possessing multiple firearms and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The firearms and ammunition at issue had been recovered during a search of his apartment. On July 19, 2005, Gray filed a motion to suppress the physical evidence seized from his apartment. The district court denied the motion to suppress and the case then proceeded to trial before the court on stipulated facts. On April 25, 2006, Gray was convicted of both counts in the indictment.

During the sentencing hearing, the district court found that Gray's prior conviction for reckless endangerment in the first degree, in violation of N.Y. Penal Law § 120.25, was a "crime of violence," as defined by U.S.S.G. § 4B1.2(a)(2). As a result, the district court applied U.S.S.G. § 2K2.1(a)(3), carrying a base offense level of 22. The district court imposed a two-level reduction for acceptance of responsibility and a two-level enhancement for three or more firearms, which resulted in a sentencing range of 46-57 months' imprisonment. The district court considered the 18 U.S.C. § 3553(a) factors and rejected Gray's arguments for a variance from the Guidelines range. The district court then sentenced Gray to 46 months' imprisonment on each count, to be served concurrently, and three years' supervised release.

On appeal, Gray challenges both his conviction and his sentence. We dispose of his challenges to the conviction by an accompanying summary order. With respect to his sentence, Gray relies on *Begay v. United States*, 128 S. Ct. 1581, to argue that reckless endangerment does not fall within the definition of "crime of violence" because the offense does not require a

showing of purposeful, violent, or aggressive behavior. In response, the Government contends that the crime of reckless endangerment is a "crime of violence" because it is similar in kind to the enumerated offenses of burglary, arson, extortion, and crimes involving the use of explosives.

**Discussion**

This Court "review[s] a sentencing court's interpretation and application of the Guidelines *de novo*." *United States v. Kilkenny*, 493 F.3d 122, 125 (2d Cir. 2007). In the aftermath of *United States v. Booker*, 543 U.S. 220 (2005), we must review the district court's sentence under an abuse of discretion standard. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). The first step of this review is to "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Id.* If the sentencing decision was procedurally sound, we must then determine whether the sentence was substantively reasonable. *See id.*

In analyzing the definition of "crime of violence," we have looked to cases examining the statutory definition of "violent felony," as found in the Armed Career Criminal Act ("ACCA"), because the operative language of U.S.S.G. § 4B1.2(a)(2) and the statute is identical. *See United States v. Brown*, 514 F.3d 256, 268 (2d Cir. 2008). A "crime of violence" under the Guidelines includes any offense that "is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*."[2] U.S.S.G. § 4B1.2(a)(2) (emphasis added). Similarly, a "violent felony" includes

---

[2] The phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" is referred to as the residual clause. *See, e.g.*, *United States v. Brown*, 514 F.3d 256, 268 (2d Cir. 2008).

any offense that "is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). In *Brown*, this Court discussed the similarities and declared that "where the language of two . . . provisions is identical, we cannot conclude that those provisions have disparate applicability to a type of conduct that inherently involves the risk specified in both provisions." *Brown*, 514 F.3d at 268. Thus, we are hard pressed to reject the views of the Supreme Court's most recent decision explaining the scope of the definition of "violent felony" in understanding the reach of the term "crime of violence." The Government and defendant share that view.

In *Begay v. United States*, the Supreme Court reasoned that Congress listed the offenses of burglary, arson, extortion, and crimes involving the use of explosives in order to limit the scope of the statute's definition of "violent felony." *See Begay*, 128 S. Ct. at 1585. The Court noted that although the residual clause includes any offense that otherwise involves conduct that presents a serious potential risk of physical injury to another, the statute does not cover all crimes that present a serious potential risk of physical injury. *See id.* The Court indicated that the presence of the listed crimes signaled that the statute covers only "crimes that are roughly similar, *in kind* as well as *in degree of risk posed*, to the examples themselves." *Id.* (emphases added).

Pursuant to *Begay*'s invocation we must determine if the New York offense of reckless endangerment is similar to the listed crimes, in kind as well as in degree of risk posed. "In determining whether a given crime fits within the definition of the relevant predicate offenses,

5

we take a 'categorical' approach; that is, we generally look only to the statutory definition of the prior offense of conviction rather than to the underlying facts of that offense." *Brown*, 514 F.3d at 265. The proper inquiry to determine if reckless endangerment is similar to the listed crimes in the degree of risk posed, is "whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *James v. United States*, 127 S. Ct. 1586, 1597 (2007). That is certainly the case here as the New York statute in question criminalizes reckless conduct occurring "under circumstances evincing a depraved indifference to human life, . . . which creates a grave risk of death to another person." N.Y. Penal Law § 120.25.

But, although the risk posed must be similar in degree, the conduct must also be similar in kind to the listed crimes in order to fall within the reach of the residual clause. *See Begay*, 128 S. Ct. at 1585. In *Begay*, the Supreme Court held that even though drunk driving, as defined by New Mexico law (N.M. Stat. Ann. § 66-8-102), prohibited conduct that posed a similar degree of risk as the listed crimes, it was different in respect to the way the risk was produced. *Id.* at 1586-87. The Court concluded that "[t]he listed crimes all typically involve purposeful, 'violent,' and 'aggressive' conduct," whereas drunk driving "is a crime of negligence or recklessness." *Id.* at 1586-87 (quoting *United States v. Begay*, 470 F.3d 964, 980 (10th Cir. 2006) (McConnell, J., dissenting in part)). As a result, the Court looked to the purpose of the ACCA in order to determine if these differences were sufficient to take drunk driving offenses outside of the scope of the statutory term of "violent felony." *Id.* at 1587. According to the Court, the Act was intended to prevent the danger created when a person with a history of violent crime possesses a

gun. *Id.* Based on the purpose of the Act, the Court held that drunk driving was different in kind from the enumerated crimes because it does not necessarily involve the type of "intentional or purposeful conduct . . . [that] show[s] an increased likelihood that the offender is the kind of person who might deliberately point the gun and pull the trigger." *Id.*

*Begay* places a strong emphasis on intentional – purposeful – conduct as a prerequisite for a crime to be considered similar in kind to the listed crimes. The Court was concerned that, without this requirement, the statute would apply to a large number of crimes which pose a great degree of risk to others but are far removed "from the deliberate kind of behavior associated with violent criminal use of firearms."[3] *Id.*

Reckless endangerment on its face does not criminalize purposeful or deliberate conduct. Despite coming close to crossing the threshold into purposeful conduct, the criminal acts defined by the reckless endangerment statute are not intentional, a distinction stressed by the Supreme Court in *Begay*. *See Begay*, 128 S. Ct. at 1586-87. Thus, pursuant to *Begay*, we conclude that the district court procedurally erred in calculating the appropriate Guidelines range because reckless endangerment is not a "crime of violence."

**Conclusion**

The judgment of conviction of the district court is **AFFIRMED**, the sentence is **VACATED**, and the case is **REMANDED** to the district court for resentencing.

---

[3] The crime of reckless tampering with consumer products was offered as an example to illustrate this point. *See Begay*, 128 S. Ct. at 1587. A person is guilty of this offense if he or she, "with reckless disregard for the risk that another person will be placed in danger of death or bodily injury and under circumstances manifesting extreme indifference to such risk, tampers with any consumer product." 18 U.S.C. § 1365(a).