**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

STEVEN BLAINE ROOKS,

  Defendant-Appellant.

No. 07-7029

---

**Appeal from the United States District Court**
**for the Eastern District of Oklahoma**
**(D.C. No. CF-06-55-01-RAW)**

---

**Submitted on the Briefs:**

John V. Butcher, Federal Public Defender, Robert A. Ridenour, Assistant Federal Public Defender, and Barry L. Derryberry, Research & Writing Specialist, Tulsa, Oklahoma, for Defendant-Appellant.

Shelding J. Sperling, United States Attorney, and Linda A. Epperley, Assistant United States Attorney, Muskogee, Oklahoma, for Plaintiff-Appellee.

---

Before **BRISCOE**, **SEYMOUR**, and **HARTZ**, Circuit Judges.

---

**SEYMOUR**, Circuit Judge.

On September 14, 2006, defendant Steven Blaine Rooks was indicted for being a felon in possession of a firearm affecting interstate commerce, a violation of 18 U.S.C. § 922(g)(1). Mr. Rooks tendered an unconditional guilty plea, but he disputed the Presentence Report (PSR) recommendation that his base offense level reflect the fact that two of his former felony convictions were crimes of violence. The district court overruled the objection and sentenced Mr. Rooks to 90 months in prison and 24 months of supervised release. On appeal, Mr. Rooks asserts the district court erred in denying his motion, contending that one of the two relevant prior felony convictions is not a crime of violence as defined by U.S.S.G. § 4B1.2(a). We affirm.

## I.

In January 1990, Mr. Rooks was convicted of Sexual Assault, Third Degree, in Tom Green County, Texas. The indictment stated that Mr. Rooks "by means of the sexual organ of the defendant, intentionally and knowingly cause[d] the penetration of the female sexual organ of [the victim] . . . a person not the spouse of the said defendant, without the effective consent of the said victim." Aplt. Ex. C. Mr. Rooks was sentenced to eight years imprisonment for this crime.

Under U.S.S.G. § 2K2.1(a)(2), the base offense level for unlawful receipt, possession, or transportation of firearms is 24, "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." The probation

officer preparing the PSR characterized Mr. Rooks' January 1990 conviction as a "crime of violence" in reaching the conclusion that his base offense level should be 24.[1]  The district court overruled Mr. Rooks' objection to this characterization, concluding:

> [T]he fact that this offense was charged as an assault indicates that the offense involved, at the minimum, an intentional display of force such as would give the victim reason to fear or expect bodily harm. Further, there is always a risk of violence or harm to the victim when a sexual act is perpetrated on that victim without the victim's actual consent or effective consent.

Rec., vol. III at 12.

On appeal, Mr. Rooks contends that his conviction for third degree sexual assault "did not involve an element involving force, or conduct that presents a serious potential risk of physical injury to another" as U.S.S.G. § 4B1.2(a) requires.  Aplt. Br. at 4.  Mr. Rooks also argues that "sexual assault in the third degree is actually attempted sexual assault under Texas law," and that it is unclear from the record "what was done toward the completion of the crime, or to what extent the crime of sexual assault was incomplete."  *Id.*

---

[1] The probation office also characterized Mr. Rooks' May 1990 conviction for Indecency with a Child by Contact in the state court in Runnels County, Texas as a crime of violence in reaching this conclusion. Rec., vol. II at 6.  Mr. Rooks did not object and does not raise any issue on appeal with respect to use of the offense as a prior crime of violence.

## II.

Whether a conviction for the state crime of third degree sexual assault constitutes a "crime of violence" for purposes of U.S.S.G. § 4B1.2(a) is a question of statutory interpretation we review *de novo*. *United States v. Rowland*, 357 F.3d 1193, 1195 (10th Cir. 2004). The United States Sentencing Commission Guidelines Manual defines a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The commentary following § 4B1.2 notes that "crime of violence" includes "murder, manslaughter, kidnapping, aggravated assault, *forcible sex offenses*, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." U.S.S.G. § 4B1.2 cmt. n.1 (emphasis added).

"In determining whether a particular felony offense constitutes a crime of violence within the meaning of § 4B1.2, we employ a 'categorical' approach that omits consideration of the particular facts of the case." *United States v. Vigil*, 334 F.3d 1215, 1218 (10th Cir. 2003); *see also Taylor v. United States*, 495 U.S. 575, 600 (1990) (adopting categorical approach in determining whether predicate offense is a crime of violence under 18 U.S.C. § 924(e)). As the Supreme Court recently explained, under the categorical approach "we consider the offense

generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Begay v. United States*, 128 S. Ct. 1581, 1584 (2008); *see also James v. United States*, 127 S. Ct. 1586, 1594 (2007) ("[W]e consider whether the *elements of the offense* are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of this particular offender."). The categorical approach looks only to the statutory definition of the offense and the fact of conviction. *Rowland*, 357 F.3d at 1195. However, "if the statute reaches different types of conduct, we may look to the charging paper and judgment of conviction in order to determine if the actual offense the defendant was convicted of qualifies as a crime of violence." *United States v. Venegas-Ornelas*, 348 F.3d 1273, 1275 (10th Cir. 2003) (internal quotations omitted); *see also United States v. Zuniga-Soto*, 527 F.3d 1110, 1113 (10th Cir. 2008) ("[A] court may consider certain judicial records only for the purpose of determining which part of a divisible statute was charged against a defendant and, therefore, which part of the statute to examine on its face."); *United States v. Sanchez-Garcia*, 501 F.3d 1208, 1211 (10th Cir. 2007) ("While we are prohibited from examining the underlying *facts* of the charged crime, we may take into account certain records of the prior conviction . . . if the statutory definition of the prior offense is ambiguous on its face because it reaches different types of conduct under different sets of elements." (internal quotations

omitted)).  We have previously called this the "modified categorical approach."

*Zuniga-Soto*, 527 F.3d at 1120.

Our inquiry begins, therefore, with an examination of the Texas statute

under which Mr. Rooks was convicted.  *See United States v. Austin*, 426 F.3d

1266, 1271 (10th Cir. 2005).  The statute lists seven forms of sexual assault.

TEX. PENAL CODE ANN. § 22.011 (1990).  Three involve penetration of another

person's body without consent, § 22.011(a)(1)(A-C), and the rest involve sexual

contact with a child under seventeen years of age, § 22.011(a)(2)(A-D).[2]  *See id.*

Per our approach in *Austin*, we need not determine whether the statutory

---

[2] The statute provides:
"(a) A person commits an offense [under § 22.011] if the person: (1)
intentionally or knowingly: (A) causes the penetration of the anus or
female sexual organ of another person who is not the spouse of the
actor by any means, without that person's consent; (B) causes the
penetration of the mouth of another person who is not the spouse of
the actor by the sexual organ of the actor, without that person's
consent; or (C) causes the sexual organ of another person who is not
the spouse of the actor, without that person's consent, to contact or
penetrate the mouth, anus, or sexual organ of another person,
including the actor; or (2) intentionally or knowingly: (A) causes the
penetration of the anus or sexual organ of a child by any means; (B)
causes the penetration of the mouth of a child by the sexual organ of
the actor; (C) causes the sexual organ of a child to contact or
penetrate the mouth, anus, or sexual organ of another person,
including the actor; or (D) causes the anus of a child to contact the
mouth, anus, or sexual organ of another person, including the actor."
*Id.*  The statute defines "child" as a person younger than seventeen years of age
who is not the spouse of the defendant.  *Id.* § 22.011(c)(1).  The statute provides
an affirmative defense to subsection (a)(2) where the defendant is not more than
two years older than the victim.  *Id.* § 22.011(e).

-6-

rape covered by § 22.011(a)(2) would be a crime of violence. 426 F.3d at 1278 (deciding crime of violence under modified categorical approach rather than reaching issue of whether statute categorically constitutes a crime of violence). Because the statute at issue here covers two different types of conduct — penetration without consent and sexual contact with a child — we may look to the indictment for the purpose of determining the offense for which the defendant was convicted. While the indictment does not specify the subsection of § 22.011 Mr. Rooks was charged with violating, its language clearly tracks subsection (a)(1)(A), which criminalizes intentionally and knowingly "caus[ing] the penetration of the anus or female sexual organ of another person who is not the spouse of the actor by any means, without that person's consent."[3] From the indictment, then, it is clear that Mr. Rooks was charged for conduct falling within the first type of sexual assault–penetration without consent–rather than the second type–sexual contact with a minor child.[4] We therefore address only whether the

_____

[3] As we have noted, the indictment stated that Mr. Rooks "by means of the sexual organ of the defendant, intentionally and knowingly cause[d] the penetration of the female sexual organ of [the victim] . . . a person not the spouse of the said defendant, without the effective consent of the said victim." Aplt. Ex. C.

[4] Mr. Rooks argues that it is unclear from the indictment which type of sexual assault he was charged with, as "[n]o elements are stated which can help identify which of the eight modes of sexual assault were committed, or whether the offense involved a person under 17 years of age." Aplt. Br. at 8. We disagree. The indictment makes no mention of conduct against a child, and is instead phrased in terms of lack of consent, which reflects the language of (a)(1). It also mentions that the victim was "not the spouse of the actor," which clearly

conduct proscribed by § 22.011(a)(1), penetration without consent, satisfies the definition of "crime of violence" under § 4B1.2(a).[5]

While there is some support under this circuit's case law for classifying sexual assault under § 22.011(a)(1) of the Texas statute as falling within § 4B1.2(a)'s first prong — that is, "[having] as an element the use, attempted use, or threatened use of physical force against the person of another"[6] — we find more support under the "residual clause" of § 4B1.2(a)'s second prong and therefore base our holding on that ground.

The Supreme Court's decision last term in *Begay* is instructive here. *Begay* addressed a challenge to a provision of the Armed Career Criminal Act (ACCA)

---

references the language of (a)(1) rather than (a)(2). Finally, subsection (b) of § 22.011 defines consent only in reference to subsection (a)(1), *see infra* n.8, further evidence that the indictment would not talk in terms of consent if the offense were against a minor. We note that defendant is correct to argue that the reference to the age of the victim made at sentencing is irrelevant to our analysis under the modified categorical approach, as we may not consider the PSR. *See Sanchez-Garcia*, 501 F.3d at 1211 (prohibiting the consideration of the underlying facts of the charged crime in the modified categorical approach).

[5] The district court did not base its application of § 4B1.2 on the ground that the Texas offense constituted a "forcible sex offence," § 4B1.2 cmt. 1, and the government does not make that argument. We therefore do not address the issue.

[6] *See Vigil*, 334 F.3d at 1219 (threat of force is implied in aggravated incest statute). *But cf. Austin*, 426 F.3d at 1271 (sexual assault on a child statute does not meet first prong of § 4B1.2(a)); *McCann v. Rosquists, D.C.*, 185 F.3d 1113, 1115 (10th Cir. 1999) (forcible sexual abuse statute does not have an element of physical force), *vacated on other grounds*, 529 U.S. 1126 (2000); *United States v. Reyes-Castro*, 13 F.3d 377, 379 (10th Cir. 1993) (attempted sexual abuse of a child statute does not involve physical force as an element).

that mandates a 15-year prison term for felons in unlawful possession of a firearm who have three prior convictions for a violent felony or serious drug offense. *See* 128 S. Ct. at 1583. The Court rejected an interpretation of 18 U.S.C. § 924(e)(1)'s residual clause that would allow *all* crimes presenting a serious risk of physical injury to qualify as a violent felony.[7] *Id.* at 1585. Instead, the predicate offense must be similar "in kind as well as in degree of risk posed" to the example crimes of burglary, arson, extortion, and the use of explosives. *Id.* at 1585. In distinguishing DUIs (driving under the influence) from crimes falling within § 924(e)(1), the Court noted that "[t]he listed crimes all typically involve purposeful, 'violent,' and 'aggressive' conduct." *Id.* at 1586 (*quoting United States v. Begay*, 470 F.3d 964, 980 (10th Cir. 2006) (McConnell, J., dissenting in part)). The Court then looked to legislative history and intent. In drafting the most recent version of the statute, Congress sought to expand the earlier enhancement for offenders with three previous convictions for robbery or burglary to "crimes against the person . . . and certain physically risky crimes against property." *Id.* at 1586. Because the ACCA was aimed at preventing violent criminals and drug traffickers from possessing a gun, excluding DUIs was not in tension with its purposes:

---

[7] The Court assumed that the predicate offense (driving under the influence of alcohol) involved conduct presenting a serious risk of physical injury, but nonetheless found that it did not fall within the residual clause and was therefore not a violent felony. *Id.* at 1584.

[A] prior crime's relevance to the possibility of future danger with a gun-crimes involving intentional or purposeful conduct (as in burglary and arson) are different than DUI, a strict liability crime.  In both instances, the offender's prior crimes reveal a degree of callousness toward risk, but in the former instance they also show an increased likelihood that the offender is the kind of person who might deliberately point the gun and pull the trigger.

*Id.* at 1587.

The language defining "violent felony" in 18 U.S.C. § 924(e)(1) is virtually identical to the guidelines language defining "crime of violence" under U.S.S.G. § 4B1.2(a).  However, as we have previously noted, Application Note 1 of the commentary following § 4B1.2 defines crime of violence to include offenses that "by [their] nature [] present[] a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a) cmt. n.1.  Unlike the ACCA and § 4B1.2(a), the Application Note definition is not directly preceded by an "or otherwise" clause.  Application Note 1 therefore arguably supports a broader reading of § 4B1.2(a)'s scope.  *Begay*, 470 F.3d at 978 n.1 (McConnell, J., dissenting in part) ("[T]he Sentencing Commission's commentary to § 4B1.2(a)(2) . . . employs a broader interpretation of § 4B1.2(a)(2) than is evident from the language of § 924(e)." (citation omitted)).

For the purposes of the case before us, it is not necessary to decide whether *Begay* directly controls.  We assume its reasoning applies with equal force to determining whether a predicate offense falls within § 4B1.2(a)(2)'s residual clause, "involv[ing] conduct that presents a serious potential risk of physical

injury to another." *See United States v. Tiger*, 538 F.3d 1297, 1298 (10th Cir. 2008) ("[T]he Court's reasoning in *Begay* applies equally to the sentencing guidelines . . . .").[8]

The form of sexual assault at issue here — penetration of another person's body without their consent — falls well within this circuit's pre-*Begay* understanding of the term "crime of violence." Indeed, in *Rowland*, we were confronted with an Oklahoma sexual battery statute which prohibited "the intentional touching, mauling or feeling of the body or private parts of any person sixteen (16) years of age or older, in a lewd and lascivious manner and without the consent of that person." *Rowland*, 357 F.3d at 1197 (quoting OKLA. STAT. tit. 2, § 1123(B)). We concluded that "[b]ecause the statute at issue . . . presuppose[d] a lack of consent, it necessarily carrie[d] with it a risk of physical force," and thus constituted a crime of violence within the meaning of § 4B1.2(a). *Id.* at 1197-98. The subsection of the Texas statute at issue here — criminalizing

_____

[8] Other Courts of Appeals have interpreted *Begay* to have at least persuasive authority vis-à-vis § 4B1.2(a). *See United States v. Williams*, 529 F.3d 1, 4 n.3 (1st Cir. 2008) (noting that interpretations of the ACCA's "violent felony" are persuasive authority when interpreting U.S.S.G's "crime of violence"); *United States v. Bartee*, 529 F.3d 357, 363 (6th Cir. 2008) (same); *United States v. Williams*, 537 F.3d 969, 971 (8th Cir. 2008) (holding that interpretations of the ACCA's "violent felony" are binding authority when interpreting U.S.S.G's "crime of violence"); *United States v. Archer*, 531 F.3d 1347, 1350 n.1 (11th Cir. 2008) (noting that *Begay* is "instructive" in interpreting "crime of violence"). *Begay* did not address this issue, limiting its holding to the "particular statutory provision" at issue. 128 S.Ct. at 1588.

the non-consensual *penetration* of another person's body — falls within its terms, as well.  *Compare* OKLA. STAT. tit. 2, § 1123(B) *with* TEX. PENAL CODE ANN. § 22.011(a)(1); *see also McCann*, 185 F.3d at 1120 ("The very act of nonconsensual sexual contact, which by its nature evinces a clear intention to disregard the victim's dignity and bodily autonomy, both demonstrates and creates a substantial risk of more serious physical intrusion or the application of force to ensure compliance.").

*Begay* does not change our conclusion.  Sexual assault involving intentional penetration without consent is similar "in kind as well as in degree of risk posed" to the example crimes set forth in § 4B1.2(a)'s commentary.  *Begay*, 128 S. Ct. at 1585.  The relevant portion of Texas's sexual assault statute requires, at a minimum, intentional, non-consensual conduct against a person,[9] and as such is

---

[9] Section 22.011(b) provides: "A sexual assault under Subsection (a)(1) is without the consent of the other person if: (1) the actor compels the other person to submit or participate by the use of physical force or violence; (2) the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat; (3) the other person has not consented and the actor knows the other person is unconscious or physically unable to resist; (4) the actor knows that as a result of mental disease or defect the other person is at the time of the sexual assault incapable either of appraising the nature of the act or of resisting it; (5) the other person has not consented and the actor knows the other person is unaware that the sexual assault is occurring; (6) the actor knows that the other person submits or participates because of the erroneous belief that the actor is the other person's spouse; (7) the actor has intentionally impaired the other person's power to appraise or control the other person's conduct by administering any substance without the other person's knowledge; (8) the actor compels the other person to submit or participate by threatening to use

-12-

distinguishable from DUIs and other crimes of negligence or recklessness. *See Begay*, 128 S.Ct. at 1587. As *Begay* explained, "[c]rimes committed in [] a purposeful, violent, and aggressive manner are 'potentially more dangerous when firearms are involved.'" *Id.* at 1586 (*quoting Begay*, 470 F.3d at 980 (McConnell, J., dissenting in part)). DUIs are, on the other hand, "crimes that impose strict liability, criminalizing conduct in respect to which the offender need not have had any criminal intent at all." *Id.* at 1586-87. *Begay's* instruction that the proscribed conduct be purposeful is easily satisfied here, as the statute on its face requires knowing and intentional conduct by the defendant. Moreover, sexual assault endangers the health and life of the victim, a factor we have previously considered relevant to determining whether the offense is violent and aggressive. *See United States v. West*, 550 F.3d 952, 969 (10th Cir. 2008). The risk of confrontation, another indicator of violent and aggressive conduct, *see id.* at 969-70, is inherent in non-consensual sexual encounters. *Begay* requires only that the offense be similar to the enumerated crimes in kind and degree of *risk*, not in kind and degree of actual *harm*. 128 S. Ct. at 1585-87. In the context of the ACCA's residual provision, the Supreme Court has noted that Congress's choice of such an "inherently probabilistic concept[]" as "potential risk" indicates that it "intended to encompass possibilities even more contingent or remote than a simple 'risk,'

---

force or violence against any person, and the other person believes that the actor has the ability to execute the threat."

-13-

much less a certainty." *James*, 127 S. Ct. at 1597.

*Begay's* emphasis on the purpose of the ACCA is relevant here to the extent that the guidelines provision under which Mr. Rooks is being sentenced (unlawful possession of firearms) is similarly meant to provide additional deterrence and punishment when the defendant had prior convictions for a crime of violence or controlled substance offense. Just as in the ACCA, the guidelines look to the defendant's prior convictions to determine the "kind or degree of danger the offender would pose were he to possess a gun." *Begay*, 128 S. Ct. at 1587. Unlike DUIs, sexual assault as defined by § 22.011(a)(1) is not "far removed . . . from the deliberate kind of behavior associated with violent criminal use of firearms." *Id.*

Our conclusion here accords with decisions by this court and other Courts of Appeals following *Begay*. Sexual assault involving penetration without consent is not the kind of accidental or negligent conduct for which courts have been hesitant to apply crime of violence enhancements. *Compare West*, 550 F.3d at 971 (failing to stop at an officer's command is a violent felony under the ACCA); *United States v. Williams*, 529 F.3d 1, 8 (1st Cir. 2008) (transport of minor for prostitution is a crime of violence under § 4B1.2(a)); *United States v. Spells*, 537 F.3d 743, 752 (7th Cir. 2008) (fleeing an officer in a vehicle is a violent felony under ACCA); *United States v. Williams*, 537 F.3d 969, 972-73 (8th Cir. 2007) (automobile theft by coercion is a crime of violence under §

-14-

4B1.2(a)); *and United States v. Mayer*, 530 F.3d 1099, 1108-09 (9th Cir. 2008) (first degree burglary constitutes a violent felony under the ACCA); *with United States v. Gray*, 535 F.3d 128, 132 (2d Cir. 2008) (reckless endangerment is not a crime of violence under § 4B1.2(a)); *and Archer*, 531 F.3d at 1352 (carrying a concealed firearm is not a crime of violence under § 4B1.2(a)).

Mr. Rooks also argues, however, that because he was charged with sexual assault in the third degree, which is *attempted* sexual assault under Texas law, his crime was "an incomplete or inchoate offense," and thus not a crime of violence. Aplt. Br. at 11-12. We find this argument unpersuasive.

We have not previously distinguished between inchoate and completed crimes for the purposes of defining a crime of violence under § 4B1.2(a). *See Austin*, 426 F.3d at 1268, 1278 (attempted sexual assault on a child constitutes crime of violence under § 4B1.2(a))*; see also Reyes-Castro*, 13 F.3d at 378-79 (attempted sexual abuse of a child is a crime of violence under 18 U.S.C. § 16(b)). This section of the guidelines does not require actual physical injury, but merely "conduct that presents a *serious potential risk* of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (emphasis added). Indeed, as we observed in *Vigil*:

> The statute speaks in terms of probability – a 'risk' – not certainty. . . . Thus, physical injury need not be a certainty for a crime to pose a serious *risk* of physical injury. Accordingly, the possibility that a crime may be completed without injury is irrelevant to the determination of whether it constitutes a crime of violence

-15-

within the meaning of § 4B1.2.

*Vigil*, 334 F.3d at 1223. Moreover, the Supreme Court has expressly rejected the argument that the parallel residual clause of the ACCA should be interpreted to apply only to completed offenses, reasoning that an attempted crime poses at least the same risk as a completed crime. *James*, 127 S.Ct. at 1592-95. Accordingly, the fact that Mr. Rooks pled guilty to attempted sexual assault does not mean that his crime should not be considered a crime of violence. Even though he may not have actually completed the crime, this does not in any way indicate that a serious potential risk of physical injury was not present. Indeed, as this circuit has held before, "[t]he serious risk of bodily injury is a constant in cases involving sexual battery." *Rowland*, 357 F.3d at 1198.

### III.

In sum, we hold that a conviction for the Texas crime of third degree sexual assault involving penetration without consent constitutes a "crime of violence" for purposes of U.S.S.G. § 4B1.2(a). As such, the district court did not err in enhancing Mr. Rooks' sentence.

**AFFIRMED**.

07-7029 - *United States v. Rooks*

**HARTZ**, Circuit Judge, concurring:

I join Judge Seymour's opinion except for the analysis under *Begay v. United States*, 128 S. Ct. 1581 (2008), which I think is unnecessary.  Under the Sentencing Guidelines a "forcible sex offense[]" is a crime of violence.  USSG § 4B1.2 cmt. n.1.  The offense at issue here is clearly a forcible sex offense.  *See United States v. Romero-Hernandez*, 505 F.3d 1082 (10th Cir. 2007).  It is therefore unnecessary to determine whether the offense otherwise comes within the general language of USSG § 4B1.2(a), which follows the language of the Armed Career Criminal Act construed in *Begay*.