**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

LAZARO ABRAHAM
VILLALOBOS-VARELA,

  Defendant-Appellant.

No. 11-2011
(D.C. No. 2:10-CR-2363-BB-1)
(D. N. Mex.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Circuit Judge, **TYMKOVICH,** Circuit Judge, and
**FREUDENTHAL**, District Judge[**].

---

Defendant Lazaro Villalobos-Varela appeals the district court's sentence of

thirty months imprisonment for re-entry of a removed alien in violation of 8

U.S.C. § 1326(a) and (b).  According to Villalobos-Varela, the district court

incorrectly concluded that his Colorado felony menacing conviction was a crime

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] The Honorable Nancy D. Freudenthal, Chief United States District Judge
for the District of Wyoming, sitting by designation.

of violence and subjected him to a 16-Level Enhancement under the United States Sentencing Guideline Manual (USSG) § 2L1.2.[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

I

*Factual Background*

Villalobos-Varela, a Mexican citizen, was brought to the United States when he was three years old and lived continuously in the United States from then until he was deported in May 2010.  ROA. Vol. 2 at 24.  The Colorado felony menacing conviction at issue stems from events in 2006.  At that time, Villalobos-Varela was living in Longmont, Colorado, with his then girlfriend, now wife, Mayra Canales. Id. Vol. 2 at 17. On or about March 11, 2006, Villalobos-Varela got into a physical altercation with Ms. Canales. Id. Vol. 2 at 21.  In the course of the altercation, Villalobos-Varela threw her to the ground and choked her. Id. Officers arrived at the scene and arrested Villalobos-Varela. Id.  On August 18, 2006, Villalobos-Varela pled guilty in the District Court of Boulder County to felony menacing with a deadly weapon in violation of Colo. Rev. Stat. § 18-3-206. Id. Vol. 2 at 20-21.  Villalobos-Varela received six months jail and two years probation. Id. Vol. 2 at 20.  While there is little information in the record

---

[1] All USSG citations refer to the 2009 U.S. Sentencing Commission Guidelines Manual.

regarding the events of the intervening months, Villalobos-Varela was deported to Mexico on May 18, 2010. Id. Vol. 2 at 23.

Approximately a month later, on June 24, 2010, an Agent of the Santa Teresa, New Mexico Border Patrol encountered Villalobos-Varela in Santa Teresa. Id. Vol. 1 at 4. The Agent questioned Villalobos-Varela as to his citizenship and Villalobos-Varela stated that he was a citizen and national of Mexico, present in the United States without Immigration Documents that would allow him to be or remain in the United States legally. Id. Villalobos-Varela was arrested and charged with violation of 8 U.S.C. §§ 1326(a) and (b). Id. Vol. 1 at 7.

*Sentencing*

On August 17, 2010, Villalobos-Varela pled guilty to re-entering the United States after having been deported in violation of 8 U.S.C. § 1326(a) and (b), without the benefit of a plea agreement. Id. Vol. 2 at 16. The district court set a date for sentencing, and the probation officer prepared a presentence report. The probation officer determined that Villalobos-Varela's base offense level was 8. Id. Vol. 2 at 16. Applying USSG § 2L1.2(b), the probation officer concluded that the 2006 menacing conviction qualified as a crime of violence, requiring a 16-level increase to Villalobos-Varela's base offense level for an adjusted offense level of 24. Id. Villalobos-Varela received a 3 level reduction for acceptance of responsibility for a total offense level of 21. Id. Vol. 2 at 20. Villalobos-Varela's

criminal history was calculated at a category III, for an advisory sentence of 46 to 57 months, with 2 to 3 years of supervised release. Id. Vol. 2 at 26.

Villalobos-Varela's counsel filed formal objections to the PSR claiming, among other things, that the 2006 Colorado menacing conviction should not be considered a crime of violence under the Guidelines because a person can be convicted of felony menacing in Colorado without the use of physical force and without the victim feeling or being in danger. Id. Vol. 1 at 8-20. Villalobos-Varela argued that under the categorical approach, menacing is not a crime of violence under USSG. § 2L1.2(b)(1)(A)(ii).

At sentencing, the district court rejected Villalobos-Varela's arguments that Colorado felony menacing is not a crime of violence. In determining the appropriate sentence, the district court applied the factors set forth in 18 U.S.C. § 3553 and ruled that the appropriate sentence was 30 months, with 2 years of supervised release. Id. Vol. 3 at 18.

## II

### *Standard of Review*

"Whether a prior offense constitutes a 'crime of violence' under § 2L1.2 presents a question of statutory interpretation, and we review the district court's conclusion de novo." United States v. Zuniga-Soto, 527 F.3d 1110, 1116-1117 (10th Cir. 2008)(citation omitted). "In interpreting the Guidelines, we look at the language in the guideline itself, as well as at the interpretative and explanatory

commentary to the guideline provided by the Sentencing Commission." United States v. McConnell, 605 F.3d 822, 824 (10th Cir. 2010)(citations and internal quotation marks omitted). "Commentary to the Guidelines is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Id. (citations and internal quotation marks omitted).

*Analysis*

Section 2L1.2 of the Guidelines applies to defendants who have been convicted of unlawfully entering or remaining in the United States. The Guidelines establish a base offense level of eight, but § 2L1.2(b)(1)(A) requires a district court to impose a sixteen-level enhancement if the defendant has been previously convicted of "a crime of violence." Application Note 1(B)(iii) defines "crime of violence" as:

> [A]ny of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

To determine whether Villalobos-Varela's Colorado felony menacing conviction qualifies as a crime of violence, we apply the categorical approach set forth in Taylor v. United States, 495 U.S. 575, 602 (1990). "As the Supreme Court recently explained, under the categorical approach 'we consider the offense

-5-

generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" United States v. Rooks, 556 F.3d 1145, 1147 (10th Cir. 2009)(quoting, Begay v. United States, 553 U.S. 137, 141 (2008)). "The categorical approach looks only to the statutory definition of the offense and the fact of conviction." Rooks, 556 F.3d at 1147.[2]

Villalobos-Varela was convicted for a felony under Colorado's menacing statute which provides:

> (1) A person commits the crime of menacing if, by any threat or physical action, he or she knowingly places or attempts to place another person in fear of imminent serious bodily injury. Menacing is a class 3 misdemeanor, but, it is a class 5 felony if committed:
>
>> (a) By the use of a deadly weapon or any article used or fashioned in a manner to cause a person to reasonably believe that the article is a deadly weapon; or
>>
>> (b) By the person representing verbally or otherwise that he or she is armed with a deadly weapon.

Colo. Rev. Stat. § 18-3-206.

---

[2] In some circumstances, criminal statutes contain separate subsections, each of which can be charged separately and violation of one section would qualify as a crime of violence, but violation of another would not. In these cases, a court may consider a limited set of documents to determine under which subsection the defendant was convicted. This approach is known as a modified categorical approach. However, we believe, and both parties agree, that the modified categorical approach is not applicable in this case.

This court previously concluded Colorado felony menacing is categorically a violent felony for purposes of the Armed Career Criminal Act ("ACCA"). United States v. Herron, 432 F.3d 1127, 1138 (10th Cir. 2005).[3] More recently, this court, relying on its holding in Herron, determined that Colorado felony menacing is categorically a crime of violence under USSG § 4B1.2(a). United States v. Armijo, 651 F.3d 1226, 1233 (10th Cir. 2011). In Armijo, the Court noted that the term "crime of violence" under § 2L1.2 is identical, in pertinent part, to the definition of crime of violence set out in § 4B1.2(a)(1). Id. at 1233, n. 4.

While Armijo was decided after the briefing in this case was complete, Villalobos-Varela argues that Armijo does not control the outcome of this appeal. Villalobos-Varela argues that Armijo failed to address his issues that Colorado's felony menacing does not necessarily entail "physical force" and that Colorado felony menacing does not constitute a crime of violence because it can be committed by a "threat" that need not be communicated to the victim.

The phrase "physical force" under the ACCA "means *violent* force - that is, force capable of causing physical pain or injury to another person." Johnson v.

---

[3] "Given the similarity in language between the ACCA and USSG, we have occasionally looked to precedent under one provision for guidance under another in determining whether a conviction qualifies as a violent felony." United States. v. Ramon Silva, 608 F.3d 663, 671 (10th Cir. 2010)(citation and quotation marks omitted).

United States, ---U.S.---, 130 St. Ct. 1265, 1271, 176 L.Ed.2d 1 (2010) (emphasis in original). We conclude that Colorado felony menacing satisfies this requirement. In Armijo, this court specifically found that Colorado felony menacing requires as an element the use or threatened use of physical force, even if the deadly weapon is a poison or pathogen. Id. at 1233. In Armijo, this court joined the Ninth and Eighth Circuits in rejecting arguments to the contrary. Id. at 1232 (citing United States v. Melchor-Meceno, 620 F.3d 1180, 1185-86 (9th Cir. 2010)("One cannot knowingly place another in fear of being poisoned [under Colorado law] without threatening to force the poison on the victim); United States v. Forrest, 611 F.3d 908, 910-911 (8th Cir. 2010)("A threat that creates a fear 'of imminent serious bodily injury' is a threat of physical force.")). Therefore, Villalobos-Varela's argument that Colorado felony menacing does not require physical force, was discussed and rejected in Armijo. This court has determined that Colorado felony menacing does entail the use or threatened use of physical force.

Villalobos-Varela also argues that Colorado felony menacing does not require the victim to be aware of the threat or in fear of injury. See People v. Saltray, 969 P.2d 729, 732 (Colo. App. 1998)(threat against victim was communicated to third party, not the victim, the court found the proper focus of whether defendant has committed crime of menacing is intent and conduct of defendant, not the victim). Villalobos-Varela argues that the definition of threat

requires some communication of the threat to the victim. Thus, if a victim is unaware of any danger, there has been no communication and without communication, there can be no threat.

We are not persuaded by Villalobos-Varela's argument that the victim must actually perceive the threat to qualify as a crime of violence under § 2L1.2. This determination is consistent with the interpretation of the term "threat" in other areas of federal law. See United States v. Martin, 163 F.3d 1212, 1216 (10th Cir. 1998)(finding that threats under 18 U.S.C. § 115 are not required to be made directly to the proposed victim); United States v. Crews, 781 F.2d 826, 829, 832 (10th Cir. 1986)(holding threats made against President to psychiatric nurse violated 18 U.S.C. § 871).

None of Villalobos-Varela's arguments casts any doubt on this court's reasoning in Herron and Armijo that led to the conclusions that Colorado felony menacing is a violent felony for purposes of the ACCA and a violent crime under § 4B1.2(a). Because the relevant language of § 4B1.2(a)(1) is identical to the relevant language in the term "crime of violence" for § 2L1.2(b)(1), we conclude that Armijo and Herron compel the determination that Colorado felony menacing is a crime of violence for purposes of § 2L1.2(b). Accordingly, the district court correctly determined that Villalobos-Varela's 2006 Colorado felony menacing conviction was categorically a crime of violence and correctly applied the 16-level enhancement to his offense level.

## III

The judgment of the district court is AFFIRMED.

Entered for the Court


Nancy D. Freudenthal
Chief District Court Judge